ACCELERATED
 OPINION
This is a civil appeal from the Trumbull County Court of Common Pleas. Appellant, Biviano Land Company, Inc., appeals the trial court's judgment entry granting summary judgment in favor of appellee, Yamaha Corporation of America, Inc. ("Yamaha").
In a previous action, appellee and United Musical Instruments, Inc. ("United"), filed separate lawsuits against Dennis Biviano d.b.a., Biviano Music, et al. ("Biviano Music"), and petitioned the trial court to appoint a receiver to satisfy certain business debts. The trial court consolidated the two separate actions under Case No. 92-CV-1986. The dates of the initial filings and the consolidation action are not part of the record before this court. However, the record does reveal that after being consolidated, the two lawsuits were referred to a magistrate, who recommended that a receivership be appointed to dispose of Biviano Music's assets.
On November 18, 1994, the trial court adopted the magistrate's recommendation and appointed a receiver. At some point in 1994, either on or after November 18, the receiver took possession of the real estate located at 1709 Niles-Cortland Road, Niles, Ohio, which was the location of Biviano Music. However, the real estate was owned by appellant. The receiver also proceeded to liquidate the assets of Biviano Music.
As a result of the receiver's actions, Biviano Music was unable to pay rent to appellant. Therefore, appellant defaulted on its mortgage obligation to Security Dollar Bank ("Dollar Bank").[1] On August 22, 1995, pursuant to court orders,[2] the receiver sold appellant's real estate at a sheriff's sale for $127,000. Approximately one year prior to the appointment of the receiver, Dollar Bank obtained an appraisal of appellant's real estate at a fair market value of $350,000. After the sheriff's sale and the payment of an unspecified amount to Dollar Bank for appellant's unpaid mortgage payments, the receivership contained no available funds.
On March 12, 1996, Dollar Bank filed a lawsuit against Yamaha, United, and appellant, for damages in the amount of $223,000, resulting from the diminution in value of appellant's real estate while in the control of the receiver. Dollar Bank asserted that it had been damaged by virtue of the fact that it maintained a security agreement, lease assignment, and mortgage deed in appellant's real estate. Dollar Bank also sought damages for any unpaid mortgage payments at the fair rental value of $3,225 per month for the period beginning after the receiver took possession of the real estate.
On June 5, 1996, appellant filed a cross-claim against appellee and United, jointly and severally, for the damages it suffered from the diminution in the value of its real estate, while in the hands of the receiver. Essentially, appellant's cross-claim mirrored the claim advanced by Dollar Bank in its complaint. Appellant also claimed that appellee and United wrongfully invoked the court to appoint a receiver, because they knew or should have known that: (1) Biviano Music did not have sufficient collateral to cover the costs and expenses of the receiver, (2) Biviano Music was not the owner of the real estate, and (3) no action was taken to protect and preserve the real estate.
On June 26, 1996, United filed a Civ.R. 12(B)(6) motion to dismiss appellant's cross-claim. On May 15, 1997, the trial court filed a judgment entry, in which it converted United's Civ.R. 12(B)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment. On June 4, 1997, appellee joined with United's motion for summary judgment. Finally, on March 2, 1998, the Trumbull County Court of Common Pleas granted the motions for summary judgment.
Appellant timely filed a notice of a appeal, and now asserts the following assignment of error:
 "The trial court erred in granting summary judgment to Yamaha Corporation of America."
Appellant contends that the party requesting a receivership may be held liable for the expenses and losses incurred by a receivership in "special circumstances." Appellant also avers that appellee wrongfully petitioned the trial court for a receiver. Furthermore, appellant impliedly argues that appellee's wrongful petition for the appointment of a receiver constitutes a "special circumstance." Thus, appellant argues that appellee is liable for the substantial loss in the value of its real property. Accordingly, appellant claims damages in the amount of $223,000, which is the property's fair market value price of $350,000 one year before the appointment of the receiver, subtracted from the foreclosure sale price of $127,000.
The Supreme Court of Ohio has defined a "receiver" as:
 "`(a)n indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, and receive its rents, issues, profits, and apply or dispose of them at the discretion of the court * * *. He is a trustee or ministerial officer representing the court * * *.'" (Citations omitted.) State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 73, fn.4.
R.C. 2735.01(A) permits a court of common pleas to appoint a receiver in an action "by a creditor to subject property or a fund to his claim." "The purpose of the appointment of a receiver is to place the assets in the control of a disinterested person, to be disposed of to the best advantage of the members and creditors * * * so that their rights in the fund may be secured * * *." Cortell v. Koch (Dec. 19, 1986), Ashtabula App. No. 1275, unreported, at 11. In addition, it has been long recognized that the trial court is vested with the sound discretion to appoint a receiver, which will not be disturbed absent a clear abuse of discretion. Gibbs, 60 Ohio St.3d at 73.
The Supreme Court of Ohio has held that parties who invoke the appointment of a receiver may "become personally liable for the compensation of the receiver and the expenses of administration of an insolvent concern" when "special circumstances [are present,] calling for the application of equitable principles creating such liability." Richey v. Brett (1925), 112 Ohio St. 582, syllabus. However, a party will not be held personally liable for any compensation or expenses until the corpus placed under the custody of the receiver is depleted. Id. at 587. The language, "expenses of administration," has been defined to include damages flowing from a receiver's negligence. Id. at 588; Brown, Admr., v. Winterbottom (1918), 98 Ohio St. 127, 134. In addition, "special circumstances" arise when:
 "* * * [T]here has been an irregular or unauthorized appointment of a receiver, or where a party has received benefits from the receivership in excess of the amount required to be paid, or where an action has unjustly been maintained without right * * *." Richey, 112 Ohio St. at 587.
Finally, a motion for summary judgment is governed by Civ.R. 56(C), which provides:
 "A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
In order for appellant to demonstrate that the trial court erred in granting summary judgment in favor of appellee, it had to establish, based on the submissions in the record, that all three prongs of the Richey test had been met. The three prongs are: (1) the receiver's actions caused the reduction in value and constituted an expense of the administration, (2) the damages exceeded the amount of corpus under the custody of the appointed receiver, and (3) special circumstances existed. Richey, 112 Ohio St. at syllabus, 587. If appellant did, in fact, prove that each element was met, then appellee could be held personally liable for the reduction in value of the real estate.
Concerning the first element, appellant has alleged that the receiver maintained its real estate, as part of the receivership, in such a negligent manner, that this caused the drastic reduction in the fair market value of that property. In the pleadings and subsequent motions, appellant contends that its real estate diminished in value as a result of extensive damage incurred while under the control of the receiver. Appellant claims that the damage included broken doors and glass, rodent infestation, damage to the walls and paneling, and other damages as a result of all general maintenance having ceased.
Our review of the record reveals that the existence and extent of the damages claimed by appellant remains a legitimate issue which reasonable minds could resolve in appellant's favor. Furthermore, the cases of Richey and Winterbottom state that damages flowing from a receiver's negligence constitute an expense of the administration.
In regard to the second element, the trial court stated in its March 2, 1998 judgment entry that no corpus remained in the receivership. Therefore, appellant has established that reasonable minds could conclude that the second prong of theRichey test was met.
Based on the fact that appellant has successfully negated appellee's motion for summary judgment on the first two elements, the trial court's entry granting summary judgment in favor of appellee was proper only if the third element of the Richey test had not been satisfied. Stated differently, in order for the trial court to have properly awarded summary judgment in favor of appellee, it must have determined that, construing the evidence most strongly in favor of appellant, reasonable minds only could conclude that "special circumstances" did not exist. It is on this point, that we affirm the judgment of the trial court.
With respect to the third element, appellant argues that special circumstances arose in regard to the receivership by virtue of the fact that appellee wrongfully initiated the appointment of a receiver. However, the facts show that appellee was a creditor of Biviano Music and had petitioned the trial court to appoint a receiver only to satisfy Biviano Music's outstanding debts. In addition, the facts are clear that appellee sought the appointment of a receiver to place only the assets of Biviano Music under the receiver's control. Furthermore, R.C. 2735.01(A) permits a court of common pleas, on the petition of a creditor, to appoint and empower a receiver to control the debtor's property, in order to satisfy debts owed to that creditor. Thus, appellee's requests that a receiver be appointed was not wrongful.
Nevertheless, the record indicates that despite the receiver being rightfully appointed, there may be issues of negligence regarding appellant's real estate. However, those issues, such as the sale of the real estate, constitute a controversy that is distinct and separate from the issue of whether appellee wrongfully invoked the appointment of a receiver. Therefore, construing the evidence most strongly in favor of appellant, no reasonable mind could conclude that special circumstances existed in the instant matter. Thus, the trial court properly granted summary judgment in favor of appellee.
For the foregoing reasons, appellant's sole assignment of error is without merit. Accordingly, the judgment of the Trumbull County Court of Common Pleas is affirmed.
___________________________________
PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] Dollar Bank was the plaintiff in this action before the trial court.
[2] The exact date of the court order directing the sale of the real estate is unclear from the record before this court. However, it is clear that such order issued after the actual appointment of the receiver on November 18, 1994, and before the actual August 22, 1995, date of sale.