Marshall, C. J.
 

 In the Court of Appeals the cause was heard on error, and that court reversed the judgment of the court of common pleas and rendered the judgment which the court of common pleas should have rendered, and thereupon entered
 
 *585
 
 final judgment against the original plaintiffs. This feature of the case having been heard in the court of common pleas upon a motion to retax costs, the judgment in the Court of Appeals is likewise a judgment upon retaxation of costs. It is claimed by-plaintiffs in error that this summary process was a violation of the constitutional guaranties of due process, but plaintiffs in error should not be heard to complain upon this point, because they submitted themselves to the jurisdiction of the common pleas court and were successful in that hearing. No exceptions were taken in the trial court to the jurisdiction of the court, or its processes, and no jury was at that time demanded. We are therefore not ruling in this proceeding upon the legality or illegality of the procedure.
 

 The court of common pleas disposed of the matter in favor of the plaintiffs in the action and against the receiver, and it does not appear whether or not any testimony was taken at that time, but it will be presumed, inasmuch as it was a question of fact, that the court was either in full possession of all necessary facts or that testimony was in fact received. In any event, the court of common pleas had issued numerous orders in the case and personally knew the circumstances. No bill of exceptions being perfected, the 'Court of Appeals had no competent knowledge of the matter except as shown by the pleadings, the journal entries, and the receiver’s report. The Court of Appeals having reversed the common pleas and rendered final judgment against the plaintiffs in the action, it is pertinent to inquire upon what facts dis
 
 *586
 
 closed by the record such a reversal could have been entered.
 

 A majority and a dissenting opinion were rendered by the Court, of Appeals, and in both opinions it is indicated that there were both malfeasance and misfeasance on the part of the receiver, and we think enough appears in the record to support those indications. We have, however, searched the record without avail to find anything to indicate that the plaintiffs in the action were in any wise responsible therefor. The petition filed by them contains the usual and necessary averments to warrant the appointment of a receiver, which the court must have found to be true, and a receiver was in fact appointed for the purpose of preserving the property; but he was not at that time authorized to continue the business. Soon thereafter, upon the receiver’s own application, the business was ordered continued by the court, but after the filing of the petition it does not appear that the plaintiffs took any action whatever, or that they were ever consulted, concerning the continuance or manner of conducting the business. It is not doubted that under special circumstances parties who invoke the processes of the court to have a receiver appointed, and to conduct the business of an insolvent concern, may become personally liable for expenses of the receiver, even including losses resulting from unsuccessful operation. In nearly all cases in which this principle has been declared, facts and circumstances were shown to the effect that the assets of the insolvent concern were exhausted, and that the connection of the plaintiffs in the action was such
 
 *587
 
 as to make it inequitable not to hold them responsible for a deficiency. It may be further conceded that under any and all circumstances such expenses and losses should be made a charge against the corpus of the property in the custody of the receiver. Just why the receiver did not intervene in the foreclosure suit, or why the two causes were not consolidated, does not appear. Neither does it appear that the plaintiffs in the receivership action were responsible for these steps not being taken. If the receiver in the first suit had intervened in the foreclosure suit, and called the matter of his deficit to the attention of the court, we have no doubt it would have been ordered paid out of the corpus of the estate. It is intimated that the receiver so negligently conducted his business that he did not even know of the deficiency until after the corpus of the estate had been distributed in the foreclosure suit. Nothing appears in the record to indicate that the plaintiffs in the receivership suit had any knowledge of that condition. Cases are found among the authorities holding that, where the corpus is not available, and there has been an irregular or unauthorized appointment of a receiver, or where a party has received benefits from the receivership in excess of the amount required to be paid, or where an action has unjustly been maintained without right, in all such instances the plaintiffs in the action may be held personally responsible for deficiencies.
 
 Farmers’ Nat. Bank of Owatonna
 
 v. Backus, 74 Minn., 264, 77 N. W., 142;
 
 Cutter
 
 v.
 
 Pollock,
 
 7 N. D., 631, 76 N. W., 235;
 
 Ephraim
 
 v.
 
 Pacific
 
 Bank, 129 Cal., 589, 62 P., 177.
 

 
 *588
 
 It is not expedient to attempt to enumerate all the circumstances which would render plaintiffs responsible for the debts of a receiver. It is sufficient to say that no equitable considerations are found in this record calling for the application of such a rule.
 

 We have been referred to the case of
 
 Brown. Admr.,
 
 v.
 
 Winterbottom,
 
 98 Ohio St., 127, 120 N. E., 292, 3 A. L. R, 1465. No principles are found in that case which are not well settled in numerous other jurisdictions. That case does enjoy the distinction of being the first case in the state of Ohio to reach this court calling for the application and declaration of those principles. It is there held that damages resulting from the negligent operation of a receivership are operating expenses, and, in proper cases, chargeable to the corpus; that a person recovering a judgment against a receiver in an independent suit may intervene in a foreclosure suit; and that he is entitled to an order of priority of payment of his claim as against mortgage liens, if the current earnings or other assets are insufficient. If the receiver in the instant case had followed the procedure which was approved in that case, the present controversy would not have arisen. The Court of Appeals in reversing the common pleas followed a number of authorities of other states, and apparently refused to follow the principles declared in the ease of
 
 Atlantic Trust Co.
 
 v.
 
 Chapman,
 
 208 U. S., 360, 28 S. Ct., 406, 52 L. Ed., 528, 13 Ann. Cas., 1155. The opinion of Mr. Justice Harlan in that case very clearly lays down the principles that where the court appointing a receiver takes no
 
 *589
 
 precautions to obtain security from the parties who apply for the receiver, and,-where no special circumstances are shown making it right and equitable to hold the persons responsible who have applied for the appointment of a receiver, persons dealing with the receiver can look to the corpus of the estate alone.
 

 The appointment of a receiver and the continuance of an insolvent business rest in the sound judicial discretion of the court, and the court may impose terms upon parties requesting a receivership, and, in the alternative, may refuse to make the order. If at any time after appointment and during the operation of the business of an insolvent concern it becomes apparent that the receiver will not be able to pay and discharge the liabilities incurred by him, the operation should be discontinued, and the court should so order.
 

 The rule declared by the majority of the Court of Appeals in this case would be a most dangerous one. Plaintiffs who are able to establish a clear right to the appointment of a receiver may not after the appointment be able to have any voice in the further administration of the estate, and the receiver’s obligations should never be made their obligations, except under circumstances calling for the application of well-known and well-settled equitable principles which make them liable. The authorities upon this point not being in harmony, we think it is proper to follow the principles of the case of
 
 Atlantic Trust Co.
 
 v.
 
 Chapman,
 
 supra, as being not only the highest authority, but also as being well reasoned. The judgment of the Court of Appeals will therefore
 
 *590
 
 be reversed and the judgment of the court of common pleas affirmed.
 

 Judgment reversed.
 

 Jones, Matthias, Alien, Kinkade and Robinson, JJ., concur.