[Cite as *Dyczkiewycz v. Tremont Ridge Phase 1 Ltd. Partnership*, 2012-Ohio-5173.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97909

---

# PETER DYCZKIEWYCZ, ET AL.

**PLAINTIFFS-APPELLANTS**

vs.

# TREMONT RIDGE PHASE 1
# LIMITED PARTNERSHIP

**DEFENDANT-APPELLEE**

---

### JUDGMENT:
### AFFIRMED IN PART;
### REVERSED IN PART AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-652300

**BEFORE:** Jones, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEYS FOR APPELLANTS**

Joseph B. Jerome
Andrew T. Czarzasty
55 Public Square
Suite 1950
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Thomas G. Lobe
Thomas G. Lobe Co., L.P.A.
614 West Superior Avenue
Suite 1300
Cleveland, Ohio 44113

Brian C. Salvagni
Joseph D. Carney & Associates, LLC
2001 Crocker Road
Suite 530
Westlake, Ohio 44145

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiffs-appellants, Peter and Jackie Dyczkiewycz, appeal the trial court's decision to terminate the receivership in Cuyahoga C.P. No. CV-652300 and order that the Dyczkiewyczs pay the receiver's fees. For the reasons that follow, we affirm in part, and reverse in part.

{¶2} In 2000, the Dyczkiewyczs entered into a contract with Tremont Ridge Phase I Limited Partnership ("Tremont Ridge") to build their house in the Tremont neighborhood of Cleveland. Shortly after moving into the house, the Dyczkiewyczs experienced extensive water problems. In 2006, an arbitrator found that the brick veneer and exterior insulation and finish system were improperly installed, which, in turn, affected the sheathing, dimensional wood framing, drywall, insulation, glass block, windows, and doors. The arbitrator further found that Tremont Ridge had breached the contract and ordered the company to properly replace the above items at its own expense.

{¶3} Tremont Ridge did not abide by the arbitrator's order, so the arbitrator ordered Tremont Ridge to pay $400,000 to a third-party contractor to perform the work and also ordered the company to pay the Dyczkiewyczs' attorney fees. Tremont Ridge failed to pay any of the ordered money, claiming insolvency. In 2008, the arbitrator awarded the Dyczkiewyczs $400,000 in damages plus attorneys fees, for a total of $439,167.89.

{¶4} The Dyczkiewyczs subsequently filed the complaint in the instant case, requesting a confirmation of the arbitration award. Tremont Ridge initially failed to

make an appearance in the action and the Dyczkiewyczs filed a motion for default judgment, which the court granted. The Dyczkiewyczs then perfected a judgment lien against Tremont Ridge in Case No. JL-08-326553.

{¶5} The Dyczkiewyczs filed a motion for appointment of a receiver in this case, but the trial court denied their motion. The Dyczkiewyczs appealed, and this court reversed, finding that the trial court abused its discretion in denying their motion. *Dyczkiewycz v. Tremont Ridge Phase I, Ltd. Partnership*, 8th Dist. No. 91773, 2009-Ohio-495. This court found:

> The instant case is an example of an extraordinary situation. There is evidence in the record that Tremont Ridge may have assets, despite its claim of insolvency. In addition, there is evidence in the record that Tremont Ridge and Sutton are owned by the same individual. Furthermore, Tremont Ridge breached a contract with plaintiffs; failed to specifically perform the contract, failed to pay a third party to perform the contract, failed to pay attorney's fees, and failed to pay plaintiffs $400,000, after being ordered to do these things in arbitration; and is now claiming insolvency after the court issued a $439,167.89 judgment against it.

*Id.* at ¶ 16.

{¶6} On remand from this court, the trial court held a hearing and the parties agreed upon a receiver.[1]

{¶7} In October 2010, the receiver filed his first report in which he stated that although the Dyczkiewyczs had requested he initiate various lawsuits against Tremont

---

[1] The Dyczkiewyczs also filed another lawsuit against Tremont Ridge and other defendants, asserting claims of fraud and piercing of the corporate veil. *Dyczkiewycz v. Tremont Ridge Phase I Ltd. Partnership*, Cuyahoga C.P. No. CV-711831. In July 2012, the Dyczkiewyczs voluntarily dismissed the case without prejudice.

Ridge and its related entities, he had found no evidence that additional litigation would uncover any assets with which to pay the judgment. He reported that the Dyczkiewyczs requested, in the alternative, that they be assigned the rights of Tremont Ridge to pursue actions against related entities; the receiver stated he had no objection to such action if they could "demonstrate there is no ethical conflict" in the assignation.

{¶8} In March 2011, the receiver filed a second report, indicating that he had located two assets belonging to Tremont Ridge: (1) a narrow piece of undeveloped land that apparently had no value and (2) a receivable due to Tremont Ridge from Sutton Builders for $253,000. In his report, the receiver noted that Keith Sutton was both a general partner of Tremont Ridge and majority owner of Sutton Builders. The receiver stated that as of February 24, 2011, Tremont Ridge had a net value of $0, Sutton Builders, Inc. had a net value of $567,000, and Sutton Builders, LLC, had a net value of -$339,000. He concluded that none of the entities had assets with which to pay a judgment.

{¶9} The receiver submitted that:

the evidence adduced under oath by the Receiver at the [examination of the debtor, Keith Sutton,] demonstrated the complete financial inability of the entities to provide liquid assets to pay any portion of Plaintiffs' claim. The evidence further failed to demonstrate even a remote possibility that any of the entities will ever, or at least into the foreseeable future, possess such liquid assets especially in light of the local construction industry situation.

{¶10} As part of his report, the receiver included professional accountings of the related companies and owners that demonstrated massive debts, including reports that showed that Keith Sutton's personal statement of financial condition found him at a negative net worth with an aggregate debt exceeding $4.5 million.

**{¶11}** The receiver further sought leave to resign and asked that the Dyczkiewyczs be ordered to pay his fees and costs.

**{¶12}** The Dyczkiewyczs objected to the March 2011 report and requested the court allow the receiver to transfer his authority to the Dyczkiewyczs. The Dyczkiewyczs also objected to paying the full amount of the receiver's fees.

**{¶13}** In May 2011, the trial court held a hearing at which the parties and the receiver discussed the receiver's reports and the various liabilities and alleged assets of Tremont Ridge. The Dyczkiewyczs claimed they possessed evidence that Sutton Builders owned 14 properties that should be considered assets of Tremont Ridge. But both the receiver and Tremont Ridge countered that Sutton Builders was "upside down" on the mortgages for those properties, i.e., Sutton Builders owed more on each property than it was worth. The court also noted that Sutton Builders was not a party to the action. Tremont Ridge further argued that the $253,000 receivable should not be considered an asset because there was no evidence that Sutton Builders could ever pay.

**{¶14}** The receiver filed additional reports in June, July, and October 2011. In his June 2011 report, the receiver stated that upon "further review and reflection," he had in his capacity as receiver commenced a legal action for Tremont Ridge against Sutton Builders to recover the $253,000 receivable, titled *Tremont Ridge Phase I Ltd. Partnership v. Sutton Builders, LLC*, Cuyahoga C.P. No. CV-11-756965. In the July 2011 report, the receiver asked the court to: (1) allow him to assign and quitclaim "a parcel of real

property"[2] and the $253,000 receivable to plaintiffs for plaintiffs to hold in constructive trust for all creditors; (2) require plaintiffs to pay receiver fees in the amount of $27,794.41; and (3) be permitted to resign as receiver.

{¶15} In his October 2011 report, the receiver requested the court: (1) assign and quitclaim to plaintiffs real property owned by Tremont Ridge, specifically Cuyahoga County Permit Parcel Number 004-18-151; (2) assign to plaintiffs an "approximately $260,000" receivable Sutton Builders owed to Tremont Ridge; (3) assign to plaintiffs Case No. CV-756965 and have plaintiffs designated and substituted as the real parties in interest; and (4) have plaintiffs hold any funds acquired in constructive trust.

{¶16} Tremont Ridge filed objections to the October 2011 report noting, among other things, that parcel number 004-18-151 had been deeded from Tremont Ridge to another entity in 2000.

{¶17} In November 2011, the trial court held a hearing on the receiver's October 2011 report. In December 2011, the receiver filed a motion to dismiss Case No. CV-756965 without prejudice and the court dismissed the case.

{¶18} In January 2012, the trial court issued an order (1) allowing the receiver to resign; (2) denying the Dyczkiewyczs's and receiver's request to assign the receiver's rights and interests in Case No. CV-756965 to the Dyczkiewyczs, noting that the case had been dismissed; (3) denying the Dyczkiewyczs' and receiver's request to assign Tremont Ridge's $253,000 receivable to the Dyczkiewyczs; (4) denying the Dyczkiewyczs' and

---

[2]The parcel was not identified in the report.

receiver's request to quitclaim real property to the Dyczkiewyczs; (5) ordering the Dyczkiewyczs to pay the receiver's fees in the amount of $27,794.71; and (6) terminating the receivership.

{¶19} It is from this order that the Dyczkiewyczs now appeal, raising six assignments of error for our review, the full text of which are set forth in the appendix.

Appellate Rules

{¶20} In the second assignment of error, in which the Dyczkiewyczs claim that the trial court erred in denying their request to assign to them the rights and interests of Case No. CV-756965, the Dyczkiewyczs failed to cite to any authority to support their claim. In the third and fourth assignments of error, the Dyczkiewyczs merely incorporate the arguments of the other assignments of error.

{¶21} App.R. 16(A)(7) states that appellant shall include

[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶22} App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶23} Although the appellate rules were not complied with here, we recognize that cases are best decided on their merits; therefore, we will briefly consider the assignments

of error.

Receiver

**{¶24}** R.C. 2735.01 authorizes a court to appoint a receiver in the following circumstances applicable to this case:

> [i]n an action by a * * * creditor to subject property or a fund to his claim, * * * on the application of the plaintiff, or of a party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and when it is shown that the property or fund is in danger of being lost, removed, or materially injured; "[a]fter judgment, to carry the judgment into effect"; and "[i]n all other cases in which receivers have been appointed by the usages of equity."

**{¶25}** The appointment of the receiver in this case gave the receiver all rights, title, and interests of the assets of Tremont Ridge so as to allow the receiver to objectively take action as an independently operating business. Any assets the receiver located would then be distributed by the receiver for the benefit of Tremont Ridge's creditors.

**{¶26}** The decision to terminate a receivership is in the discretion of the trial court; thus, such decision will not be reversed absent an abuse of discretion. *See Milo v. Curtis*, 100 Ohio App.3d 1, 6, 651 N.E.2d 1340 (9th Dist.1994), citing *Cincinnati, Sandusky & Cleveland RR. v. Sloan*, 31 Ohio St. 1 (1876). This may be especially important in a decision made by the trial court concerning a complicated matter with which it had intimate working knowledge. *Milo* at 4.

Assignment of Rights and Interests

**{¶27}** In the first assignment of error, the Dyczkiewyczs argue that the trial court erred in denying their motion to have the receiver assign his rights and interests to them.

This is essentially the same argument made in the second, third, and fourth assignments of error.

{¶28} Within these assignments of error, the Dyczkiewyczs claim that they are entitled to the assignment of Tremont Ridge's $253,000 receivable, transfer of a parcel of real property owned by Tremont Ridge, and the right to pursue their claims against Sutton LLC. To support their position that the receiver should be allowed to assign to them Tremont Ridge's assets, the Dyczkiewyczs cite *Hoolahan v. Harajli*, 6th Dist. No. L-00-1181, 2001 Ohio App. LEXIS 756 (Mar. 2, 2001). In *Hoolahan*, a federal court appointed the appellant as the receiver of a financially troubled Ohio corporation. The receiver eventually petitioned the federal court to close the receivership. The federal court granted the motion and authorized appellant to create a creditor's trust with any unpaid claims outstanding at the time of the receivership's dissolution. The appellant then transferred his interest in a pending lawsuit to the creditor's trust. In that suit, the appellant moved to amend the complaint to show the creditor's trust, rather than the receiver, as plaintiff. The trial court denied the motion and the appellant moved to substitute the trust for the receiver.

{¶29} The defendants moved for summary judgment, arguing that when the federal court dissolved the receivership, the receiver no longer had authority to prosecute the claim or assign it to a trust. The trial court granted the defendants' summary judgment, finding that the receiver was no longer a real party in interest after the receivership was dissolved.

**{¶30}** The Sixth Appellate District disagreed, finding that the appellant, as receiver, held residual authority under the receivership to either pursue the claims or assign them and, as directed by the federal court, elected to assign the claim to the creditor's trust, which became a real party in interest. The appellate court noted that "[t]here is some authority that a party who assigns a pending claim may either continue as a plaintiff or substitute the assignee." (Internal citations omitted.) *Hoolahan* at * 4. The court concluded that the appellant should have been permitted to substitute the creditor's trust as plaintiff and the matter should have proceeded to disposition on the merits.

**{¶31}** The Dyczkiewyczs argue that the receiver in this case is essentially in the same position as the receiver in *Hoolahan* because the receiver had unpaid claims against Sutton Builders. Thus, the Dyczkiewyczs contend, the trial court should have ordered the receiver to transfer the unpaid claims for the benefit of the creditors — the Dyczkiewyczs — to avoid wasting those unpaid claims.

**{¶32}** Tremont Ridge argues that such an assignment "would create an intractable and irresolvable conflict of interest" because the Dyczkiewyczs and their attorney would be essentially acting as the receiver. To support its position, Tremont Ridge cites its proposed expert's opinion, the Ohio Rules of Professional Responsibility, and R.C. 2735.02, which provides in part that "no party, attorney, or person interested in an action shall be appointed receiver therein except by consent of the parties."

**{¶33}** We agree with Tremont Ridge. Although the Dyczkiewyczs adamantly argue, and the receiver apparently agreed, that there was no ethical conflict because the

receiver would be assigning assets, not his powers as a receiver, the de facto effect of such action would be to give the Dyczkiewyczs the same powers as the receiver. If the Dyczkiewyczs were assigned the receivable, they could elect to refile the case against Sutton Builders (the debtor), and would stand-in as Tremont Ridge (the creditor). In effect, the Dyczkiewyczs's attorney would "stand in place" as the receiver in asserting the claims of the partnership through the assigned rights and duties of the receiver, which would be in contravention of R.C. 2735.02 and Rule 1.7 of the Ohio Rules of Professional Conduct.[3]

{¶34} Further, the trial court did not err in failing to assign any rights and interests in Case No. CV-756965 to the Dyczkiewyczs because the receiver dismissed the case in December 2011. The trial court could not permit assignment of rights to a case that no longer existed.

{¶35} As to the parcel of property the Dyczkiewyczs contend Tremont Ridge owns, Tremont Ridge offered uncontroverted evidence that it no longer owned the property,

---

[3]Ohio Rule of Professional Conduct 1.7 states, in part:

(a) A lawyer's acceptance or continuation of representation of a client creates a conflict of interest if either of the following applies:

 (1) the representation of that client will be directly adverse to another current client;

 (2) there is a substantial risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests.

having deeded it to another entity in 2000. As to the Dyczkiewyczs's claim that they should be allowed to pursue their claims directly against Tremont Ridge and Sutton Builders, the receiver found and the trial court agreed that Tremont Ridge had no assets that were in danger of being lost, removed, or materially injured.

{¶36} *Hoolahan* is easily distinguishable. In *Hoolahan*, the receiver assigned the lawsuit to a creditor's trust. There was no evidence that the creditor's trust was being represented by one of the plaintiffs (or one of the plaintiffs' attorneys). Here, the Dyczkiewyczs, or their attorney, would essentially serve as administrator of the trust and, although the Dyczkiewyczs argue that there was no evidence that any other creditors existed, Tremont Ridge disputed that claim. If other creditors did come forward, the plaintiffs, as administrators of the creditor's trust, would develop impermissible conflicts. Even if no other creditors existed, it would most likely be impermissible for the Dyczkiewyczs's attorney to represent both the Dyczkiewyczs and Tremont Ridge through the assigned rights and responsibilities of the receiver.

{¶37} Based on these facts, the trial court did not err in denying the Dyczkiewyczs' motion to have the receiver assign Tremont Ridge's rights and interests to them.

{¶38} The first, second, third, and fourth assignments of error are overruled.

### Receiver's Fees

{¶39} In the fifth assignment of error, the Dyczkiewyczs challenge the trial court's order that they be held liable for the receiver's fees.

The Ohio Supreme Court has held that

> [p]arties who invoke the jurisdiction and process of a court for the appointment of a receiver by sufficient allegations and showing of necessity therefor, resulting in such appointment, do not become personally liable for the compensation of the receiver and the expenses of administration of an insolvent concern, in the absence of special circumstances calling for the application of equitable principles creating such liability. Such debts and expenses are ordinarily payable out of the corpus of the property.

*Richey v. Brett*, 112 Ohio St. 582, 148 N.E. 92 (1925), syllabus. Thus, parties who invoke the appointment of a receiver may become personally liable for the compensation of the receiver and the expenses of administration only when special circumstances are present. *See Sec. Dollar Bank v. Yamaha Corp. of Am.*, 11th Dist. No. 98-T-0059, 1999 Ohio App. LEXIS 2945 (June 25, 1999).

**{¶40}** "Special circumstances" can arise when

> there has been an irregular or unauthorized appointment of a receiver, or where a party has received benefits from the receivership in excess of the amount required to be paid, or where an action has unjustly been maintained without right.

*Richey* at 587.

**{¶41}** R.C. 2333.27 provides that a judge may allow "receivers * * * such compensation as is allowed for like services in other cases, to be taxed as costs in the case, and by order, shall enforce their collection *from such parties as ought to pay them.*" (Emphasis added.) In this case, there were no assets recovered; therefore, the receiver's fees could not be paid out of the collection. In his final report, the receiver asked that the plaintiffs be required to pay his fees, presumably because he had found no assets of the defendant from which to recover the fees.

**{¶42}** But in its order, the trial court did not articulate or find that any "special

circumstances" existed that would justify holding the Dyczkiewyczs solely responsible for the receiver's fees. Tremont Ridge claims that special circumstances exist because the Dyczkiewyczs requested the receiver and the receiver fulfilled his duties. But neither the fact that the receiver could not locate any readily ascertainable assets or the fact that the Dyczkiewyczs were the party that requested the receiver amount to special circumstances so as to render the Dyczkiewyczs solely liable for the receiver's fees.

{¶43} Further, as previously noted by this court, this case presents itself as "an example of an extraordinary situation," that included Tremont Ridge breaching its contract with the Dyczkiewyczs, and failing, after being ordered in arbitration, to (1) specifically perform the contract, (2) pay a third-party to perform the contract, and (3) pay the Dyczkiewyczs' attorney fees. *Dyczkiewycz v. Tremont Ridge Phase I, Ltd. Partnership*, 2009-Ohio-495, ¶ 16.

{¶44} Based on these facts, the trial court abused its discretion in ordering the Dyczkiewyczs to pay the full amount of the receiver's fees. Therefore, the case is remanded for the trial court to order the receiver's fees be split equally between the parties.

{¶45} The fifth assignment of error is sustained.

Termination of Receivership

{¶46} In the sixth assignment of error, the Dyczkiewyczs argue that the trial court erred in terminating the receivership because, as a consequence of the termination, they have been denied all opportunities for relief. We disagree; the Dyczkiewyczs retain the

judgment lien against Tremont Ridge in the amount of $439,167.89 plus interest.

**{¶47}** It was within the trial court's discretion to consider Tremont Ridge's legal argument in relation to all the facts and circumstances of the case, and in doing so, the trial court could find with a reasonable degree of probability that there were no recoverable assets.

**{¶48}** The record reflects the substantial amount of time and effort the receiver spent trying to locate any assets of Tremont Ridge, which resulted in the filing of five different reports with the court. After carefully reviewing the record, we are not inclined to second-guess the court's decision to terminate the receivership, especially because it was made in a complicated matter with which the trial court had an intimate working knowledge for close to four years. Based on these facts, the trial court did not abuse its discretion in terminating the receivership.

**{¶49}** The sixth assignment of error is overruled.

**{¶50}** Accordingly, judgment is affirmed in part and reversed in part. Case remanded for proceedings consistent with this opinion.

It is ordered that appellants and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J.; CONCUR

Appendix
Assignments of Error

I.  The trial court erred in its decision as a matter of law associated with denying plaintiffs' motion for assignment of rights and interests of receiver to the extent that such ruling is a misapplication of the facts presented. The facts, coupled with and supported by the receiver's amended final report, established that, contrary to the trial court's ruling, there exists assets of the defendant that are in danger of being lost, removed or materially injured to the extent that, absent action by the court/receiver, appellee will continue to willfully refuse to exercise its rights to realize those assets, thereby ultimately allowing those assets to dissolve.

II. The trial court erred in its decision, as a matter of law, associated with denying plaintiffs and receiver's request to assign all of the rights and interests with respect to case number CV-11-756965 and such ruling is inconsistent and amounts to a misapplication of the facts presented to the court.

III. The trial court erred in its decision, as a matter of law, associated with the denial of the request by appellants and the receiver to assign a certain "receivable" of appellee Tremont Ridge Phase I Limited Partnership, owned by Sutton Builders, Inc. as it was clearly established in the receiver's report that a debt existed of an appellee-related entity owed to appellee Tremont Ridge constituting an asset of appellee. The receiver was charged with identifying the assets of appellee and distributing that asset and other assets for the benefit of all creditors, namely appellants. The judgment of the trial court through its entry is therefore in error in that such order prevents the receiver from performing such actions.

IV. The trial court erred in its decision, as a matter of law, associated with the denial of appellants' and receiver's request to assign and quitclaim real property owned by appellee to appellants. The real property in question is owned by appellee and is an asset with a present value and, therefore, as is the duty of the receiver, must be distributed for the benefit of all creditors.

V.  The trial court erred in its decision, as a matter of law, associated with ordering the appellants to pay the receiver's fees in the amount of

$27,794.71. The facts presented to the court did not support any grounds for ordering the plaintiff to have to bear the cost of the receiver fees as there [was] no evidence that "unusual circumstances" existed as to the receivership such that appellants should bear the costs of the receivership.

VI.     The trial court erred in its decision, as a matter of law, associated with terminating the receivership in its entirety in that the receiver had not performed. Such trial court decision was issued in error such that the receiver was prevented by the trial court from performing his duties (as previously addressed in the previous appeal before the appellate court) as a product of the termination of the receivership. The receiver had identified viable assets that appellee owned and was attempting to distribute them. However such distribution was halted and the assets are again in danger of being lost and/or materially damaged.