[Cite as *Crawford v. Hawes*, 2013-Ohio-3173.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RYAN CRAWFORD | : | |
| | : | Appellate Case Nos. 25178 |
| Plaintiff-Appellee/Cross-Appellant | : | 25180 |
| | : | |
| v. | : | Trial Court Case No. 2008-CV-7261 |
| | : | |
| ADRION HAWES, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant/Cross-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of July, 2013.

. . . . . . . . . .

RYAN CRAWFORD, 729 West Grand Avenue, Apartment 313, Dayton, Ohio 45406
    Plaintiff-Appellee/Cross-Appellant, *pro se*

MICHAEL C. THOMPSON, Atty. Reg. #0041420, Wright-Dunbar Business Village, 5 North
Williams Street, Dayton, Ohio 45402-2843
    Attorney for Defendant-Appellant/Cross-Appellees
    Adrion Hawes and Patricia Douglas

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Plaintiff Ryan Crawford and defendants Adrion Hawes and Patricia Douglas

appeal from a judgment awarding $5,809.37 to Crawford on his unjust enrichment claim and

awarding $14,066.20 in compensation to the Receiver, Matthew C. Sorg. Hawes and Douglas contend that the trial court erred in awarding compensation to the Receiver without first holding a hearing and in finding them jointly and severally liable with Crawford for the payment of the Receiver's compensation. Hawes and Douglas further contend that the trial court erred in finding that they were unjustly enriched. Crawford contends that the trial court erred in awarding compensation to the Receiver and only awarding Crawford $5,809.37 on his unjust enrichment claim.

{¶ 2} We conclude that the trial court did not abuse its discretion in holding Hawes, Douglas, and Crawford jointly and severally liable for payment of the Receiver's compensation. However, we conclude that under the particular circumstances of this case, which include the fact that the trial court had ordered that there would be a hearing on the issue of the Receiver's compensation after the issues made up by the pleadings had been tried, the trial court erred in failing to hold a hearing prior to awarding the compensation requested by the Receiver. We also conclude that the trial court did not err in its award of $5,809.37 to Crawford on his unjust enrichment claim. Accordingly, that part of the judgment of the trial court awarding compensation to the Receiver is Reversed; the judgment is Affirmed in all other respects; and this cause is Remanded for a hearing on the Receiver's request for compensation.

### I. Hawes and Crawford Enter into an Illegal Contract

{¶ 3} In late 2007, Hawes and Crawford began discussing the possibility of opening a bar together. They decided to name the bar "Leo's II," in honor of another bar Crawford had operated named "Leo's." Although no written partnership agreement existed between them,

Hawes and Crawford apparently agreed to enter into a 50/50 agreement regarding ownership and operation of the bar. Because they both had felony convictions, Hawes and Crawford asked Hawes's mother, Patricia Douglas, to apply for the liquor license and sign the lease for the commercial space where the bar was to be located.

{¶ 4} "Leo's II" opened on June 1, 2008. In late June, Hawes and Crawford had an argument regarding inventory purchases for the bar, which resulted in a physical altercation. Hawes subsequently terminated Crawford's employment and barred him from entering the bar.

## II. Course of the Proceedings

{¶ 5} Crawford brought this action against Hawes and Douglas, setting forth claims for breach of fiduciary duty, fraud, conspiracy, breach of contract, promissory estoppel, unjust enrichment, and conversion. Crawford also requested that a receiver be appointed by the court to protect his interests in the bar. One day later, Crawford filed a motion to appoint a receiver pursuant to R.C. 2735.01 and Local Rule 2.29 of the Court of Common Pleas of Montgomery County. Hawes and Douglas filed an answer and counterclaims for trespass, assault, and conversion.

{¶ 6} The day before a scheduled receivership hearing, Hawes and Douglas moved to continue the hearing. The magistrate denied the motion, and the hearing went forward as scheduled. The magistrate sustained Crawford's motion to appoint a receiver. Hawes and Douglas filed objections to the magistrate's decision, which the trial court overruled.

{¶ 7} Hawes appealed from the trial court's appointment of the receiver. He contended that the trial court abused its discretion when it overruled his motion to continue the receivership hearing and appointed a receiver to manage the affairs of the bar. We held that the

trial court had not abused its discretion in overruling Hawes's motion to continue the receivership hearing. *Crawford v. Hawes*, 2d Dist. Montgomery No. 23209, 2010-Ohio-952, ¶ 25-26. But we held that the trial court did abuse its discretion when it adopted the magistrate's recommendation that a receiver be appointed to manage the affairs of the bar, because there was an absence of evidence of fraud or financial mismanagement on behalf of Hawes or Douglas. *Id.* at ¶ 66. We reversed the trial court's order appointing a receiver and remanded the cause for further proceedings consistent with our opinion.

{¶ 8}     After the remand, Hawes and Douglas moved to dismiss Crawford's complaint. The trial court sustained this motion in part and overruled it in part:

> The case law makes it clear that courts have no tolerance for illegal contracts. "A party to an illegal contract cannot come into court of law and ask to have his illegal objects brought to fruition. The law, as it has been aptly epitomized, 'leaves the parties where it finds them.' Neither the hard and fast rules of a court of law nor the more flexible customs of a court of equity can be invoked for relief."[] "A court will deny all relief to a suitor, however well founded his claim to equitable relief may otherwise be, if, in granting the relief, it would assist a party to an illegal contract or covenant."[]
>
> Here, Defendants correctly assert that Plaintiff admits that the "partnership" fraudulently used Defendant Douglas' identity to obtain the liquor license and the building lease. Defendants argue, then, that Plaintiff is barred under the common law doctrine of *ex turpi causa non oritur action* from using an illegal or immoral act as the basis for initiating a cause of action. "When parties

are *in parti delicto* the law refuses to aid either of them against the other, but leaves them where they have placed themselves by their own acts."[]

In a strikingly factually similar case, *Nahas v. George* [156 Ohio St. 52 (1951)], the Supreme Court denied recovery to a party seeking to enforce an illegal agreement. In *Nahas*, the decedent's estate tried to recover under an alleged oral agreement, and the Supreme Court said the contract was unlawful because Nahas (a convicted felon) attempted to become a partner in a liquor selling business without disclosing said fact to the Department of Liquor Control before securing its approval.[] The Supreme Court held that the oral agreement directly violated public policy and the Liquor Control Act, and was therefore illegal.[]

In the case before this Court, Plaintiff states that he and Defendant Hawes purposely obtained a liquor license and building lease through their artifice[] of Defendant Douglas' applying for and securing the same. Clearly, the parties' intent, based on the Complaint and Plaintiff's March 25, 2010 admissions, was to defraud the Department of Liquor Control regarding the ownership and control of Leo's II. The parties' actions in this regard violated public policy and several sections of the Ohio Revised Code, including but not limited to: §4303.293, §4303.29, §4303.25, and §4303.292. Therefore, the alleged oral agreement for the partnership concerning Leo's II was illegal, and this Court will not permit Plaintiff to go forward with his claim for breach of oral contract (Count 4) or breach of fiduciary duties arising from the alleged oral partnership agreement

(Count 1).

{¶ 9}   The trial court held a trial on the complaint and counterclaims in April 2012.   At the beginning of the trial, Hawes and Douglas withdrew their counterclaims for trespass and assault.   After consideration of the evidence presented at trial, the court found that Crawford had failed to establish his claims of fraud, conspiracy, promissory estoppel, or conversion, and that Hawes and Douglas had failed to establish their counterclaim of conversion.   The trial court also found that Crawford was entitled to $5,809.37 on his unjust enrichment claim against Hawes and Douglas.   Finally, the trial court found that the Receiver, Matthew C. Sorg, was entitled to fees in the amount of $14,066.20, for which Crawford, Hawes, and Douglas were jointly and severally liable.

{¶ 10}   From the judgment Crawford has appealed, and Douglas and Hawes have appealed.   We have consolidated the two appeals.

### III. The Trial Court Did Not Abuse its Discretion by Holding Hawes, Douglas, and Crawford Jointly and Severally Liable for the Receiver's Compensation

{¶ 11}   Defendants' First Assignment of Error states:

THE TRIAL COURT ERRED IN AWARDING RECEIVER'S FEES, JOINTLY AND SEVERALLY, AGAINST HAWES AND DOUGLAS WHEN CRAWFORD ALONE WAS RESPONSIBLE FOR THE APPOINTMENT OF THE RECEIVER.

{¶ 12}   The primary purpose of a receiver is to carry out the orders of the appointing court, which has the power "to exercise its sound discretion to limit or expand a receiver's

powers as it deems appropriate." *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 74, 573 N.E.2d 62 (1991). Because of this discretion, a reviewing court must not disturb a trial court's judgment with regard to receivers absent an abuse of discretion. *Id.* The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 13} The trial court found that Hawes, Douglas, and Crawford are jointly and severally liable for the payment of the Receiver's fees. Hawes and Douglas contend that Crawford alone should be responsible for the Receiver's fees, because Crawford was the party who sought appointment of the Receiver, and this Court subsequently held that the trial court's appointment of the Receiver was erroneous. We do not agree.

{¶ 14} The trial court explained why it held all three parties responsible for the payment of the Receiver's fees:

> Importantly and on March 12, 2010, the Second District issued an Opinion reversing the Appointment of the Receiver, finding there was no evidence of fraud or financial mismanagement by Defendants to warrant the appointment.
>
> In allocating responsibility for the Receiver's Expenses, we have considered the following,
>
> Although the appellate court reversed the appointment of receiver, Plaintiff did not act unreasonably in seeking and securing the appointment from this Court. At the time Defendants barred Plaintiff from the business premises, Plaintiff had recouped less than 18% of his investment. He persuaded both a magistrate and a judge of this court that receivership was an appropriate remedy.

Furthermore, the Receiver appears to have adequately maintained the business during the period of his appointment.

Finally, this Court previously determined that the partnership agreement between the parties was an illegal contract. In other words, both parties came to court with unclean hands. The only truly innocent party here is the Receiver, the one appointed by the Court to run the business.

The Court believes that the most equitable solution would be to permit the Receiver to deduct his expenses from the corpus of the receivership. Unfortunately, this is not a viable solution because the corpus no longer exists.

Therefore, the Court hereby enters Judgment in favor of the Intervening Plaintiff, Receiver Matthew C. Sorg and against Ryan Crawford, Adrion Hawes, and Patricia Douglas, jointly and severally, in the amount of Fourteen Thousand Sixty-Six and 20/100 Dollars ($14,066.20) plus statutory interest.

{¶ 15} The Supreme Court of Ohio has addressed the trial court's authority to hold parties responsible for a receiver's fees. In *Richey v. Brett*, 112 Ohio St. 582, 586-588, 148 N.E. 92 (1925), the Supreme Court stated, in part:

It is not doubted that under special circumstances parties who invoke the processes of the court to have a receiver appointed, and to conduct the business of an insolvent concern, may become personally liable for expenses of the receiver, even including losses resulting from unsuccessful operation. In nearly all cases in which this principle has been declared, facts and circumstances were shown to the effect that the assets of the insolvent concern were exhausted, and that the connection of the plaintiffs in the action was such as to make it inequitable not to

hold them responsible for a deficiency. It may be further conceded that under any and all circumstances such expenses and losses should be made a charge against the corpus of the property in the custody of the receiver. * * * Cases are found among the authorities holding that, where the corpus is not available, and there has been an irregular or unauthorized appointment of a receiver, or where a party has received benefits from the receivership in excess of the amount required to be paid, or where an action has unjustly been maintained without right, in all such instances the plaintiffs in the action may be held personally responsible for deficiencies. * * *

It is not expedient to attempt to enumerate all the circumstances which would render plaintiffs responsible for the debts of a receiver. It is sufficient to say that no equitable considerations are found in this record calling for the application of such a rule.

{¶ 16} Hawes and Douglas contend that the holding in *Richey* requires that we reverse the trial court's order and find Crawford solely liable for the Receiver's fees. In support of its contention, Hawes and Douglas cite *Carr v. Acacia Country Club Co.*, 8th Dist. Cuyahoga No. 97989, 2012-Ohio-4723. In *Carr*, the Eighth District Court of Appeals opined, at ¶ 15:

When the appointment of a receiver is improper or invalid, the party at whose instance the receiver was appointed, and not the receivership fund, must pay all costs and expenses incurred as a result of the appointment. * * * In such cases, the receivership costs are directly related to the acts of the plaintiff in filing suit and seeking the appointment of a receiver and cannot be ordered to be paid

from funds that belong to the corporation, its creditors, and stockholders. * * * Thus, a party who procures the appointment of a receiver runs the risk of being held accountable for the receiver's compensation in the event the appointment is found improper or invalid or is otherwise required under principles of equity.

{¶ 17} According to Douglas and Hawes, the *Carr* decision makes it clear that a party who requests a receivership must be liable when the appointment of the receivership is subsequently found to be in error. However, less than a month later, in *Dyczkiewycz v. Tremon Ridge Phase 1 Limited Partnership*, 8th Dist. Cuyahoga No. 97909, 2012-Ohio-5173, the Eighth District made it clear that there was no blanket rule that the party seeking a receiver always should be personally liable for the compensation of the receiver and the expenses of administration. Rather, the Eighth District stated that "parties who invoke the appointment of a receiver *may become personally liable* for the compensation of the receiver and the expenses of administration *only when special circumstances are present*." (Emphasis added.) *Id.* at ¶ 39

{¶ 18} In the case before us, all of the parties entered into an illegal contract and came to the trial court with unclean hands. As a result of the illegal contract and conduct of the parties, a receiver was appointed to operate Leo's II. Although we subsequently reversed the trial court's appointment of the Receiver, the trial court is correct that the Receiver is entitled to reasonable compensation for his work. Furthermore, our reversal of the appointment did not require that Crawford be held solely responsible for the Receiver's compensation. The actions of all of the parties in this case in entering into an illegal contract and failing to cooperate with each other in running the business ultimately led to the appointment of the Receiver. Moreover, the record demonstrates that after the appointment of the Receiver, the parties were less than fully

cooperative with the Receiver.

{¶ 19}   Based on the particular facts before us, we conclude that the trial court did not abuse its discretion in finding special circumstances existed that warranted holding the parties jointly and severally liable for the Receiver's compensation.   Consequently, defendants' First Assignment of Error is overruled.

### IV. The Trial Court Erred in Awarding Fees
### to the Receiver Without First Holding a Hearing

{¶ 20}   Defendants' Second Assignment of Error states:

THE TRIAL COURT ERRED IN GRANTING THE RECEIVER FEES, WITHOUT A HEARING, WHEN IT PREVIOUSLY BIFURCATED THE ISSUE.

{¶ 21}   Crawford also contends in his appellate brief[1] that the trial court erred in awarding fees to the Receiver.   We agree with the parties that, under the particular facts of this case, the trial court should have held a hearing before awarding compensation to the Receiver.

{¶ 22}   On August 4, 2009, the Receiver filed a report and a motion for approval of disbursements in which the Receiver requested $7,649.70 in compensation.   Hawes and Douglas filed objections to the Receiver's motion for approval of disbursements and requested that the trial court overrule the motion or hold a hearing on the Receiver's motion.   The trial court did not take any action on the Receiver's motion or the objections.

---

[1]   Crawford's appellate briefs fail to comply with App.R. 16 in several respects.   He mentions "issues" in one of his appellate briefs, but fails to identify any assignments of error.   However, he does complain about the trial court's award of fees to the Receiver.

**{¶ 23}** On February 18, 2010, the Receiver filed another report and motion for approval of disbursements, in which the Receiver requested $12,633.95 in compensation, including the $7,649.70 previously requested in the Receiver's August 4, 2009 motion. Based on our review of the record, it does not appear that the parties responded or objected to the Receiver's February 18, 2010 motion. The trial court did not take any action on the Receiver's motion.

**{¶ 24}** On September 3, 2010, the Receiver filed an Intervening Third Party Complaint For Receivership Fees And Costs, seeking judgment against Crawford, Hawes, and Douglas, jointly and severally, in the amount of $14,066.20, plus statutory interest. Hawes and Douglas filed an answer to the Receiver's complaint. The Receiver subsequently filed a motion to bifurcate the Receiver's claims from the underlying issues regarding the existence of a partnership between Crawford and Douglas and Hawes. The trial court granted the motion to bifurcate on September 21, 2010, stating that: "[a] hearing on the Receiver's/Intervening Defendant's claims shall be set pursuant to further Court order following the adjudication of the underlying issues regarding the existence of a partnership between Plaintiff and Defendants Hawes and Douglas."

**{¶ 25}** On February 11, 2011, the Receiver filed the Final Report of Receiver and a motion for approval of disbursements. The Receiver requested compensation in the amount of $14,066.20, which included a past due balance of $12,633.95. Page two of the motion included the following statement[2]:

**<u>NOTICE OF DEADLINE FOR OBJECTION</u>**

**A RESPONSIVE PLEADING MEMORANDUM MUST BE FILED**

---

[2] This statement also appeared in the August 4, 2009 and February 18, 2010 motions for approval of disbursements.

**WITHIN SEVENTEEN (17) DAYS FROM THE DATE ON THE CERTIFICATE OF SERVICE WITH THIS MOTION, AND A FAILURE TO FILE A RESPONSIVE PLEADING OR OBJECTION IN A TIMELY BASIS MAY BE CAUSE FOR THE COURT TO GRANT THE REPORT AS FILED WITHOUT FURTHER NOTICE. ANY OBJECTION MUST BE FILED WITH THE COURT AND SERVED ON THE RECEIVER BY SAID DEADLINE.** (Emphasis sic.)

{¶ 26} The trial on the underlying claims of the parties occurred on April 2, 2012. After the trial, the court entered judgment in favor of Crawford on his unjust enrichment claim, and then addressed the Receiver's request for compensation. The trial court stated:

Lastly, the Court will address Payment of the Receiver's Expenses. On February 18, 2011, the Receiver filed his Final Report of the Receiver: Motion of Receiver for Approval of Disbursements; and Notice of Response Date for Objections Thereto.[] To date, no objections have been filed by either party.

This Court finds that a detailed account of time expended was attached to said application. After a thorough review of the referenced fee application, the Court finds that the fees charged, including the Receiver's hourly rate, are reasonable and customary for the services performed. Therefore, the Court approves the Receiver's Expenses in the amount of $14,066.20.

{¶ 27} We conclude that the trial court erred in awarding compensation to the Receiver without first holding a hearing regarding the reasonableness of the compensation. Local Rule 2.29 of the Court of Common Pleas of Montgomery County provides, in pertinent part:

## II.  COMPENSATION OF RECEIVER

A.  No compensation shall be allowed to a receiver or the receiver's counsel except upon written application describing the services rendered, the time required, the amount requested for each and the amounts, if any, previously received.  The Court shall fix the time for hearing and determine the nature of the notice to creditors of the application.

{¶ 28}  The plain language of Local Rule 2.29 requires the trial court to set a time for hearing on a receiver's request for compensation.  Furthermore, the trial court's September 20, 2011 order bifurcated the issue of the Receiver's compensation from the trial of Crawford's complaint and Defendants' counterclaims.  Indeed, in its bifurcation order, the trial court stated that a hearing would be set on the Receiver's compensation after the trial had concluded.  Instead of scheduling that hearing, the trial court granted compensation to the Receiver without a hearing and without further notice to the parties.

{¶ 29}  In its judgment entry, the trial court noted that the parties had failed to file objections to the Receiver's February 11, 2011 final report and request for compensation.  This failure, however, is understandable given that:  (1) objections had been previously filed to the Receiver's August 4, 2009 motion for approval of disbursements, which included much of the same fees requested by the Receiver in his final report; (2) an answer had been filed to the Receiver's third-party complaint; and (3) the trial court had stated in its bifurcation order that the matter of the Receiver's request for compensation would be set for hearing following the trial on the parties' complaint and counterclaims.

{¶ 30}  Given the particular facts before us, we conclude that the trial court erred in

awarding compensation to the Receiver without first holding a hearing. Defendants' Second Assignment of Error is sustained.

## V. The Trial Court Did Not Err in its Award
## to Crawford on his Unjust Enrichment Claim

{¶ 31} Defendants' Third Assignment of Error states:

THE TRIAL COURT ERRED IN FINDING APPELLANTS HAWES AND DOUGLAS WERE UNJUSTLY ENRICHED WHEN CRAWFORD DID NOT ACCOUNT FOR NINE THOUSAND DOLLARS HE RECEIVED DURING THE MONTH HE MANAGED LEO'S II.

{¶ 32} Conversely, Crawford contends in his brief that the trial court erred by not awarding him a greater sum on his unjust enrichment claim.

{¶ 33} In essence, the parties contend that the trial court's award of $5,809.37 on Crawford's unjust enrichment claim is against the manifest weight of the evidence. The standard set forth for manifest-weight-of-the-evidence appellate review in *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, applies also in civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. In applying this standard, the appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily

against the judgment. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721 (1st Dist.1983), cited approvingly in *Thompkins* at 387.

{¶ 34} In Ohio, unjust enrichment is a claim under quasi-contract law against a person in receipt of benefits that he is not justly and equitably entitled to retain. *Hummel v. Hummel*, 133 Ohio St. 520, 527, 14 N.E.2d 923 (1938). Unjust enrichment entitles a party only to restitution of the reasonable value of the benefit conferred. *Sammartino v. Eiselstein*, 7th Dist. Mahoning No. 08 MA 211, 2009-Ohio-2641, ¶ 14. The elements of an unjust enrichment claim are as follows: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment (i.e., the "unjust enrichment" element). *L & H Leasing Co. v. Dutton*, 82 Ohio App.3d 528, 534, 612 N.E.2d 787 (3d Dist.1992), citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

{¶ 35} Based on a review of the evidence of the parties presented at trial, the trial court found that Crawford had invested $22,938.66 in Leo's II. The trial court derived this finding upon a number of the exhibits introduced by Crawford and one exhibit introduced by Hawes and Douglas. The trial court then subtracted from this investment the $8,600 that Plaintiff had received against his investment. The $8,600 consisted of $4,000 in cover charges and $4,600 in payments ordered by the Receiver while Crawford was not working at the business. The trial court then further deducted $8,529.29, which represented the amount that defendant Hawes had paid out of his own funds to get the business back on its feet after Crawford had run the business for approximately a month. This resulted in the $5,809.37 that the trial court awarded Crawford on his unjust enrichment claim.

{¶ 36}  Hawes and Douglas contend that the trial court erred in failing to account for an additional $9,407 listed in an October 22, 2008 printout from the cash register at Leo's II. According to Hawes, the amount reflected in the printout represented the amount of sales at the bar from September 25 to October 22, 2008.  Hawes contends that this printout establishes that Crawford received an additional $9,407, which the trial court should also have deducted from Crawford's investment.

{¶ 37}  Crawford, on the other hand, contends that the trial court erred in failing to award him additional monies he had invested in the business.  According to Crawford, he invested $50,000 in the business of Leo's II, and Hawes and Douglas failed to abide by the oral agreement they had with Crawford.

{¶ 38}  The trial court properly found that the contract entered into between the parties was an illegal contract.  As a result, the trial court could have found that none of the parties was entitled to any damages. However, the trial court found that Crawford was entitled to receive the return of his initial investment.  The trial court's calculation of the damages on Crawford's unjust enrichment claim credited some of the parties' testimony and discredited other portions of the testimony.  The credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).  "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

{¶ 39}  We have reviewed the transcript from the trial and the exhibits introduced into

evidence by the parties. The underlying information used by the trial court to calculate Crawford's damages is supported by the record. The contentions by the parties regarding additional amounts that should either have been added or deducted in the trial court's calculation rest upon the credibility of the parties' testimony. We will defer to the trial court's credibility determinations in calculating the damages in this matter. Consequently, we conclude that the trial court's calculation of damages on Crawford's unjust enrichment claim is not against the manifest weight of the evidence. This is not the exceptional case in which the evidence weighs heavily against the judgment of the trial court, creating a manifest injustice.

{¶ 40} Defendants' Third Assignment of Error is overruled. Crawford's inferred assignment of error relating to the trial court's award on Crawford's unjust enrichment claim is also overruled.

## VI. Conclusion

{¶ 41} Defendants' Second Assignment of Error having been sustained, and all other assignments of error having been overruled, that part of the judgment of the trial court awarding compensation to the Receiver is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for a hearing on the Receiver's request for compensation.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Ryan Crawford
Michael C. Thompson

Hon. William H. Wolff, Jr.
(Sitting for Judge Steven K. Dankof)