**MADORSKY v SUBURBAN HOMES CO et**

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Feb 6, 1933

Philip Schoenberg, Cleveland, for plaintiff in error.

Pennell and Johnson, Cleveland, amicus curiae by The Guardian Life Insurance Company of America.

Cannon, Spieth, Taggart, Spring and Annat, Cleveland, as amici curiae.

Joe Feniger, Cleveland, for defendant in error.

**McGILL, J.**

It is to be noted that the record in this case does not show that the sale was made subject to the payment of any unpaid obligations of the receiver. The record further shows no reservation by the court of any power or control over the property *sold*, and no assumption by the purchaser of any obligations of the receiver.

The question is squarely presented as to whether or not the Court of Common .Pleas, after a receiver is discharged and bond released, can create liens upon the real estate as against the purchaser after the property which has been foreclosed has been conveyed by sheriff's deed.

Numerous authorities have been cited by counsel interested in this proceeding to the effect that this cannot be done, and with that view this court agrees. The rule is well stated in 53 Corpus Juris, page 90, §110, where it is said:

"The effect of a discharge of a receiver is to terminate his duties and authority, and if the discharge is unconditioned and there is a surrender of jurisdiction over the trust, without any reservation as to existing claims, the effect is to release not only the receiver, but also the property, from further liability in the receivership suit or proceeding, and such summary jurisdiction over the receiver as the court has in the receivership proceeding ceases."

The record in this case does not disclose that the final report approved in December 1930 was false or fraudulent, nor does it disclose any reservation as to existing claims, but on the contrary the final report was approved and the receiver discharged, and the bond released.

If a receiver after his discharge and release of his bond can file one supplemental report creating liens upon the property of the purchaser, there is no reason why any number of subsequent supplemental final reports could not be filed. Such conduct violates the principles of sound judicial procedure, and leaves the purchasers at judicial sales without any safeguards.

Clearly, the court erred in approving the supplemental final report and in overruling the motion to strike from the files and to vacate the entry approving said supplemental final report.

The court, after the receivership terminated, could not create liens upon this property as unpaid obligations or create liens indirectly by designating these unpaid obligations as "costs," under the facts disclosed in this record.

In accordance with these views this case is reversed and remanded and the Court of Common Pleas is directed to vacate the entry of February 19, 1932, approving the supplemental final rpeort and the entry of

April 20, 1932, overruling the motion to strike from the files, and to vacate the entry approving said supplemental report. Exceptions granted to defendant in error.

LIEGHLEY, J, concurs.
LEVINE, PJ, not sitting.