DECISION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a summary judgment issued by the Lucas County Court of Common Pleas in favor of a defendant in a breach of contract case.
In 1994, a federal court appointed appellant, Gerald R. Hoolahan, as the receiver of a financially troubled Ohio corporation, Brockrim, Inc. Brockrim did business as Casey Outdoor Advertising, leasing billboards to advertisers. In 1995, while appellant was receiver of the company, appellees, Hassan Harajli and C C Company, allegedly contracted with Casey for the lease of billboard space. In 1998, appellant sued appellees, asserting that they had failed to pay for the billboard advertising which had been provided.
In January 1999, having sold Brockrim's other assets, the receiver petitioned the federal court to close the receivership. On January 26, 1999, the federal court granted the motion and authorized appellant to create a creditor's trust with any unpaid claims outstanding at the time of the receivership's dissolution. On June 18, 1999, appellant transferred his interest in the present lawsuit to the creditor's trust.
On December 10, 1999, appellant moved to amend the complaint to show the creditor's trust, rather than the receiver, as plaintiff. When the trial court denied the motion, appellant moved to substitute the trust for the receiver.
On March 27, 2000, appellees moved for summary judgment, arguing that when the federal court dissolved the receivership, appellant no longer had authority to prosecute this claim, nor did he have authority to assign it to a trust. Since appellant could not pursue the claim and the transfer of the claim to the trust was invalid, appellees argued, no party was left with standing to sue. They were, therefore, entitled to judgment as a matter of law.
The trial court agreed, granting appellees summary judgment. In doing so, the court concluded that appellant was no longer a real party in interest after the receivership was dissolved.
Appellant now brings this appeal, asserting in two assignments of error, that the trial court erred when it determined that he was not a real party in interest and/or in denying substitution of the trust as plaintiff.
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
The question before us is purely one of law. The trial court, citingMadorsky v. Suburban Homes Co. (1933), 45 Ohio App. 83, concluded that once the federal court dissolved the receivership, appellant, as receiver of the assets of Brockrim, Inc., had no authority to do anything, including assign the claim.
Madorsky held that once a receiver is, "* * * unconditionally discharged and jurisdiction over a trust surrendered without reservation as to existing claims * * *," id. at paragraph two of the syllabus, he has no power to create subsequent liens on property. Madorsky is clearly inapplicable here, if for no other reason than that the federal court's dissolution was far from "unconditional" or "without reservation." The court expressly reserved jurisdiction to supervise the receiver to transfer unpaid claims into a creditor's trust. The court, in fact, ordered the receiver to do so. Moreover, even if the receiver's authority was not patent, we would never presume that a court whose jurisdiction was invoked to protect creditors, would intend any action to effect the waste of accounts receivable.
Accordingly, appellant held residual authority under the receivership to either pursue these claims or assign them. As directed by the federal court, he elected to assign these claims to the creditor's trust which became a real party in interest, as would any other assignee.
There is some authority that a party who assigns a pending claim may either continue as a plaintiff or substitute the assignee. HuntingtonMfg. Co. v. Shanker (1993), 92 Ohio App.3d 144, 151; Akron AmbulanceService, Inc. v. Cox (1956), 101 Ohio App. 421, paragraph one of the syllabus. While there may be argument as to this point, it is clear that Civ.R. 17(A) directs that, even when an action is brought by one not a real party in interest, it may not be dismissed without affording a party an opportunity to join or substitute a real party in interest.
In this matter, appellant should have been permitted to substitute the creditor's trust for the receiver as plaintiff and the matter should have proceeded to disposition on the merits.
Accordingly, both of appellant's assignments of error are well-taken. The judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellees.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _____________________________ James R. Sherck, J.
 Richard W. Knepper, J., Mark L. Pietrykowski, P.J. CONCUR.