In re In re WELDON F. STUMP & CO. INC., Debtor.

No. 05–32505.

United States Bankruptcy Court, N.D. Ohio.

Nov. 8, 2005.

John N Graham, Howard B. Hershman, Elizabeth A. Vaughn, Toledo, OH, for trustee.

John J McHugh, III, Sylvania, OH, for debtor.

## *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

Before this Court is the Motion by the State Court Appointed Receiver for Approval of Final Report and Discharge. (Doc. No. 77). Roger Stump, in his individual capacity, opposes the Motion, submitting a Memorandum in Opposition. The Receiver then submitted a memorandum in reply, after which time the Court held a Hearing on the matter. At the conclusion of the Hearing, the Court took the matter under advisement so as to afford the arguments raised by the Parties further consideration. The Court has now had this opportunity, and herein renders its Decision.

In April of 2004, Patricia Fugée was appointed state-court receiver for the Debtor, Weldon F. Stump & Co. Inc. Just under one year later, an involuntary bankruptcy petition was commenced against Weldon F. Stump & Co. Inc. (Doc. No. 1). By way of the filing of the petition, Ms. Fugée, by operation of law, became a "custodian" for purposes of bankruptcy law, and thus subject to the duties set forth in 11 U.S.C. § 543. *See also* 11 U.S.C. § 101(11).

On May 2, 2005, the Court, prior to the adjudication of Weldon F. Stump & Co. Inc. as a debtor, ordered the appointment of an interim trustee, as provided for in 11 U.S.C. § 303(g), to take possession of property of the estate. (Doc. No. 19). Subsequently, the Court adjudicated Weldon F. Stump & Co. a debtor pursuant to § 303(h), then ordering that the trustee previously appointed continue serving in that capacity. (Doc. No. 34). At the Hearing held in this matter, said trustee indicated to the Court that Ms. Fugée had taken all the necessary steps to implement those duties required of her under § 543.

## DISCUSSION

■ Upon the filing of a petition in bankruptcy, property of a debtor held by a state-court appointed receiver becomes property of the estate. 11 U.S.C. § 541(a); *Yellow Cab Coop. Ass'n v. Mathis (In re Yellow Cab Coop. Ass'n)*, 178 B.R. 265 (Bankr.D.Col.1995). With respect to such property, § 543 imposes various duties upon the receiver,—now deemed to be a "custodian"—with the aim of ensuring that the bankruptcy trustee may take control of estate assets in a timely and orderly fashion. Averring that she has fully complied with her duties, Ms. Fugée requests, by way of her Motion for Approval of Final Report and Discharge, that "she be discharged without further liability." (Doc.

No. 77, at pg. 3). The scope of this request extends to both those services Ms. Fugée performed postpetition in her capacity of a "custodian," as well as to those services she provided prepetition, as a receiver, while subject solely to the jurisdiction of the state court.

■ Among other things, the discharge of a receiver has the effect of releasing them from any further liability incident to the receivership. *Madorsky v. Suburban Homes Co.*, 45 Ohio App. 83, 186 N.E. 371 (8th Dist.1933). But nowhere in § 543, or for that matter anywhere else in the Bankruptcy Code, does it specify that a bankruptcy court may "discharge" a receiver/custodian as Ms. Fugée requests. To the contrary, § 543 only provides that the court may either "provide for the payment of reasonable compensation" or "surcharge" the "custodian," depending on which is appropriate in the individual situation. 11 U.S.C. § 543(c).

■ Notwithstanding, as it relates to postpetition events, the authority to discharge a receiver necessarily flows from the bankruptcy court's jurisdiction over both the "custodian" and the estate property which came under their control. 28 U.S.C. § 1334(e) (affording the bankruptcy court exclusive jurisdiction over property of the debtor and estate). As explained in the decision of *In re Sundance Corp., Inc.*:

> since Congress gave bankruptcy courts the power to pay a receiver's expenses, costs and compensation in § 503(b)(3)(E), it would be impossible to perform the tasks of determining reasonable compensation if a bankruptcy judge could not review the quality of a receiver's performance.

149 B.R. 641, 650 (Bankr.E.D.Wash.1993).

Although submitted as a blanket opposition to Ms. Fugée's Motion, Mr. Stump's arguments before the Court do not take

issue with this statement of law; nor does he contest Ms. Fugée's right to be discharged as a "custodian,"—a position to which, based upon the evidence before it, the Court agrees she is entitled. Instead, it is just the opposite: Mr. Stump confines his opposition to prepetition events, contesting first the authority of this Court and then the right of Ms. Fugée to be discharged for those events which transpired while she was acting solely in the capacity as state-court appointed receiver. (Doc. No. 104).

■ In large part, Mr. Stump derives the authority for his position on the rule that, as with all other matters related to a receivership, a receiver must normally account personally to—and only to—its appointing court for a discharge. (Doc. No. 104, at pg. 2). However, while basically a correct statement of law, it appears that Mr. Stump attempts to have it paint too broad a stroke. *Shawnee Lumber Co. v. Phillips,* 21 Ohio N.P. (n.s.) 1, 29 Ohio Dec. 58, 1917 WL 1502 (C.P.1917). When an action is removed to federal court, the federal court, and by extension the bankruptcy court, is afforded with the authority to both dissolve and modify any previous order entered by the state court. 28 U.S.C. 1450; BANK.R.PROC. 9027(i). And while this matter does not directly involve the issue of removal, bankruptcy courts have effectively duplicated this authority to the situation presented here, by providing to state-court receivers what is, for all practicable purposes, a discharge from any potential liability for those services they rendered prepetition. *See again In re Sundance Corp., Inc.,* 149 B.R. at 649–50 ("Through § 543, Congress has apparently authorized bankruptcy courts to review and conclude matters relating to a state court receivership."). *See also In re Gomes,* 19 B.R. 9 (Bankr.D.R.I.1982); *In re Left Guard of Madison, Inc.,* 11 B.R. 238 (Bankr.Wis.1981).

Yet, merely because a bankruptcy court would appear to have the authority (that is, the jurisdiction) to determine the propriety of discharging a state-court receiver, does not obligate this Court to make such a determination. Title 28, § 1334(c)(1) of the United States Code confers upon this Court the power to exercise its discretion and abstain from hearing certain matters, providing in relevant part:

Nothing ... prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

■ In determining the propriety of employing this section, courts utilize those traditional considerations related to the function served by the abstention doctrine: respect for federalism. *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993). Although not a complete list, important considerations in this regard include, (1) the extent to which state law issues predominate over bankruptcy issues, (2) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (3) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (4) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (5) the substance rather than form of an asserted "core" proceeding, (6) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, and (7) the presence in the proceeding of nondebtor parties. *Id.* What all these considerations seek to accomplish is to properly account for and weigh those federal and state in-

terests which, in the abstention context, are pitted against the other. *See, e.g., Webb v. B.C. Rogers Poultry, Inc.,* 174 F.3d 697, 700–01 (5th Cir.1999).

When placed within the confines of this legal framework, abstention becomes highly appropriate in this matter. First, in deference to state law, the state court originally having jurisdiction over this matter, and to whom Ms. Fugée was previously required to report, is undoubtably more familiar with all the aspects and details of the events which give rise to Mr. Stump's opposition to discharge—its orders, the parties, the history, etc. Thus, as compared to the state court, to hear and adjudicate any matters regarding the propriety of Ms. Fugée's prepetition conduct as a receiver would place this Court at a great disadvantage. In turn, this can hardly be considered fair to either Ms. Fugée or Mr. Stump when there exists this perfectly viable state forum in which Mr. Stump's grievances may be heard.

On the other side, the federal interests in this matter are minimal. Neither Ms. Fugée nor Mr. Stump are debtors. Thus, whether successful or not, Mr. Stump's action against Ms. Fugée is unlikely to impact in any meaningful way the Debtor's bankruptcy estate, nor the Debtor's case in general. Similarly, Mr. Stump's action against Ms. Fugée is not a "core proceeding," having an existence entirely independent to that of bankruptcy law. Just as important, no prejudice will befall either party if Mr. Stump's claim against Ms. Fugée is severed from those other matters involving the Debtor which are now before the Court.

For all these reasons therefore, the Court finds that Ms. Fugée is entitled to be discharged for those postpetition services she performed as a "custodian" under § 543. But insofar as it concerns any potential redress Mr. Stump seeks against Ms. Fugée for those prepetition services she rendered as a receiver for the Debtor, discretionary abstention under 28 U.S.C. § 1334(c) is highly appropriate and will thus be invoked. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, on the Motion by the State Court Appointed Receiver, Patricia Fugée, for Approval of Final Report and Discharge, it is hereby

**ORDERED** that said Motion is Granted to the extent that it involves those services and duties performed postpetition by Patricia Fugée as a "custodian" under 11 U.S.C. § 543.

It is **FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1334(c)(1), this Court hereby abstains from making any determination regarding Patricia Fugée's prepetition services as a receiver in the matter of *The Huntington National Bank v. Weldon F. Stump & Co., Inc., et al.,* Case No. C104–2406, Court of Common Pleas, Lucas County, Ohio.