DECISION AND JUDGMENT ENTRY *Page 2 
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied the motion of defendant-appellant, Robert S. Stump, for leave to file suit against appellee Patricia B. Fugee, the receiver appointed by the court in the liquidation of the assets of defendant Weldon F. Stump Company, Inc. Appellant challenges that judgment through the following assignments of error:
 {¶ 2} "Assignment of Error No. 1: The trial court abused its discretion in denying appellant's motion for leave to file suit against receiver by ruling that the sole shareholder of a corporation who has entered into a separate, individual contract with a corporation and lender, personally guaranteeing payment of a corporation's promissory notes, has [sic] standing to bring suit against a state court appointed receiver.
 {¶ 3} "Assignment of Error No. 2: The trial court abused its discretion in denying appellant's motion for leave to file suit against receiver on the basis that the receiver is entitled to immunity because of deficiencies on the face of appellant's tendered complaint."
 {¶ 4} Weldon F. Stump Co., Inc. ("the corporation"), was a dealer and broker of used machinery and equipment in Toledo, Ohio, for nearly 40 years. Appellant Robert S. Stump ("Stump"), was the sole shareholder, director and officer of the corporation. In order to maintain the business, the corporation, *Page 3 
through Stump, borrowed funds from Huntington National Bank ("the bank") and signed, at various times, three separate promissory notes totaling $3,845,000. Stump then personally guaranteed payment of the notes by signing a commercial guarantee agreement, dated October 1, 1999. The corporation defaulted on the loans, and on March 25, 2004, the bank filed a complaint against the corporation and Stump for judgment on the cognovit notes, judgment on the cognovit guarantee and for the appointment of a receiver. The lower court granted the bank a partial final judgment totaling $2,676,832 against the corporation on the notes, a judgment totaling $3,197,160 against Stump on the guarantee, and appointed Patricia Fugee, appellee herein, as receiver to carry the judgments into effect and liquidate the assets of the corporation. The trial court's order appointing the receiver expressly stated in relevant part:
 {¶ 5} "(w) The Receiver shall be immune, as an officer of this Court, for any personal liability of any kind arising from, caused by or in any way connected with exercising any rights or performing any duties in her capacity as Receiver."
 {¶ 6} Fugee took control of the corporation and set about liquidating its assets. Throughout her administration of the receivership, Fugee filed regular reports with the lower court documenting the receipts and disbursements, and updating the court as to operations and the liquidation. Moreover, prior to selling machinery and equipment, she filed motions with the lower court for approval of those sales. The record is replete with motions for the court's approval of sales of, *Page 4 
and orders approving the sales of, equipment and machinery. On March 22, 2005, the bank and others filed an involuntary bankruptcy petition against the corporation resulting in an automatic stay of the proceedings in the court below. As a result of the bankruptcy proceedings, Fugee turned over the balance of the receivership funds to the trustee in bankruptcy and filed with the bankruptcy court a motion for approval of her final report, that documented the receipts and disbursements of the receivership estate for the period covering January 1, 2005 to May 22, 2005, and to be discharged as the receiver.
 {¶ 7} On September 15, 2005, Stump filed a motion in the lower court for leave to file suit against Fugee. The complaint that Stump sought to file was attached to his motion and alleged in relevant part that the action was against Fugee individually and in her capacity as receiver of Weldon F. Stump Co., Inc. The complaint then alleged that during the tenure of her receivership, Fugee negligently dissipated the value of the assets by the manner and means by which she carried out the terms of her appointing order and unreasonably and unnecessarily incurred expenses. As a result, the complaint alleged, the proceeds of the collateral, when liquidated, were wholly and inordinately insufficient to satisfy or substantially reduce the debts owed to Huntington National Bank. The complaint then specifically alleged that Fugee:
 {¶ 8} "(1) engaged in self interested transactions for her own benefit and the benefit of her firm, in excess of the terms and conditions of the court order; *Page 5 
 {¶ 9} "(2) negligently engaged and employed persons who were disproportionately expensive, or were otherwise charged with conflicting interests, which resulted in an unnecessary dissipation of the assets of Weldon F. Stump Co., Inc.;
 {¶ 10} "(3) negligently attempted to operate the business when her clear and specific charge was to liquidate its assets to satisfy the indebtedness to Huntington National Bank;
 {¶ 11} "(4) negligently engaged repeatedly in transactions which failed to recognize the full and fair value of the collateral which she was liquidating;
 {¶ 12} "(5) negligently expended considerable resources in pursuing claims against property in which she had no interest as Receiver;
 {¶ 13} "(6) negligently failed to abide by agreements made, or orders entered, with regard to the liquidation of the collateral;
 {¶ 14} "(7) negligently failed to file monthly reports as required by the order; and
 {¶ 15} "(8) negligently acted at the instruction of Huntington National Bank in manners which advanced the Bank's interest to the detriment of the guarantor."
 {¶ 16} The complaint then alleged that as a result of Fugee's negligent mismanagement of the affairs of the business, more than $1,000,000 of proceeds from the sale of collateral was dissipated and not otherwise available to reduce the *Page 6 
debt owed to Huntington National Bank and guaranteed by Stump. Stump then sought a judgment against Fugee both individually and in her capacity as receiver, for a sum of not less than $1,000,000 for compensation for the damages he suffered in the dissipation of the collateral that would otherwise have been available to satisfy the judgment Huntington National Bank had against him.
 {¶ 17} In a decision and order dated November 8, 2005, the bankruptcy court granted Fugee's motion for approval of her final report and to be discharged as receiver to the extent that it involved those services and duties she performed following the filing of the bankruptcy petition as "custodian." See In re Weldon F. Stump Co, Inc. (N.D.Ohio 2005), 337 B.R. 636. The bankruptcy court, however, declined to exercise its jurisdiction to discharge Fugee as receiver for services she rendered prior to the filing of the bankruptcy petition. Rather, the bankruptcy court determined that the common pleas court that appointed Fugee was the proper forum to rule on that issue, as well as the grievances that Stump claimed against her. The effect of this ruling was to allow the lower court in the present action to accept arguments regarding and to rule on Stump's motion for leave to file suit against Fugee. In addition, Fugee then filed a motion for approval of her final report and to be discharged as receiver.
 {¶ 18} On November 16, 2006, the lower court issued an opinion and judgment denying Stump's motion to file suit against Fugee. Specifically, the court held that Stump lacked standing to sue Fugee. The court further held that *Page 7 
assuming arguendo Stump had standing, Fugee was immune from any allegations of negligence in the performance of her official duties. In a separate order of November 16, 2006, the court granted Fugee's request for approval of her final report and discharged her as receiver.
 {¶ 19} Appellant first challenges the trial court's determination that he had no standing to file suit against Fugee.
 {¶ 20} Relevant to this case, a receiver is an individual appointed by a court in an action by a creditor to subject property or funds to his claim, when it is shown that the property or funds are in danger of being lost, removed or destroyed, or when a corporation is insolvent or in imminent danger of insolvency. R.C. 2735.01(A) and (E). Once appointed, a receiver may bring and defend actions in his own name "as receiver," and "generally do such acts respecting the property as the court authorizes." R.C. 2735.04. In order for parties to file suit against a receiver for actions taken regarding the receivership estate, however, leave of court is required. Barton v. Barbour (1881),104 U.S. 126, 136; Murphy v. Holbrook (1870), 20 Ohio St. 137, 145; Bank One v.The Oaks of Medina, 9th Dist. No. 04CA0080-M, 2005-Ohio-3546. Whether or not to grant a party leave to proceed in an action against a receiver is a matter that is left to the sound discretion of the trial court.Bank One, supra ¶ 9. Accordingly, on appeal, we will not reverse a trial court's denial of leave absent a determination that the trial court's attitude was unreasonable, arbitrary or unconscionable. Id. *Page 8 
 {¶ 21} In seeking leave to file suit against Fugee, Stump alleged that he was harmed by the actions Fugee took in administering the receivership estate because he personally guaranteed the loans made to the corporation by Huntington National Bank.
 {¶ 22} In Adair v. Wozniak (1986), 23 Ohio St.3d 174, syllabus, the Supreme Court of Ohio held that "[a] plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation." This holding was based on the longstanding principle that: "[w]here the defendant's wrongdoing has caused direct damage to corporate worth, the cause of action accrues to the corporation, not to the shareholders, even though in an economic sense real harm may well be sustained by the shareholders as a result of reduced earnings, diminution in the value of ownership, or accumulation of personal debt and liabilities from the company's financial decline. The personal loss and liability sustained by the shareholder is both duplicative and indirect to the corporation's right of action." Id. at 178. In Adair, the plaintiffs alleged an injury distinct from other shareholders by virtue of personal guarantees of corporate loans, just as Stump alleges herein. The court rejected that argument, holding that absent an independent contractual relationship between the plaintiffs and the *Page 9 
defendants, the plaintiffs had no standing to sue for personal losses sustained as a result of the corporation's decline.
 {¶ 23} We find Adair to be directly on point and conclude that Stump had no standing to bring an action against Fugee for losses he has or may sustain as a result of Fugee's administration of the receivership estate because Stump had no contractual relationship with Fugee. Any cause of action against Fugee for her administration of the receivership estate now lies exclusively with the trustee in bankruptcy.
 {¶ 24} Accordingly, the trial court did not err in denying Stump's motion for leave to file suit against Fugee on the ground that Stump lacked standing. The first assignment of error is not well-taken.
 {¶ 25} In light of our disposition of the first assignment of error, we need not address the second assignment of error and find it not well-taken.
 {¶ 26} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1