**[Cite as *Dayton Lodge, L.L.C. v. Hoffman*, 2013-Ohio-5755.]**

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

FIFTH THIRD BANK

      Plaintiff-Appellant

v.

DAYTON LODGE, LLC, dba
DAYTON EXECUTIVE HOTEL, et al.

      Defendant-Appellant

      and

WILLIAM D. HOFFMAN

      Receiver-Appellee

Appellate Case No.    25531

Trial Court Case No.   2007-CV-02432

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 27th day of December, 2013.

. . . . . . . . . . .

JARED A. WAGNER, Atty. Reg. No. 76674, JONATHAN F. HUNG, Atty. Reg. No 82434, 800 Performance Place, 109 North Main Street, Dayton, Ohio 45402
      Attorneys for Plaintiff-Appellant-Fifth Third Bank and for
      Defendant-Appellant-Dayton Lodge, LLC

MATTHEW C. SORG, Atty. Reg No. 62971, 40 North Main Street, Suite 2700, Dayton, Ohio 45423

Attorney for Receiver-Appellee

MARK SHERIFF, Atty. Reg. No. 19273, 300 Spruce Street, Floor One, Columbus, Ohio 43215
     Attorney for Defendant-Appellee-Auto Owners Insurance

THOMAS TALBOT, Atty. Reg. No. 2615, P.O. Box 384, Wright Bros. Station, Dayton, Ohio 45409
     Attorney for Defendant-Appellee-HHP Corporation

DONALD JORDAN, Atty. Reg. No. 23095, 41 South High Street, Columbus, Ohio 43215
     Attorney for Defendant-Appellee-Huntington National Bank

JOSEPH STRINES, Atty. Reg. No. 69878, 1065 Woodman Drive, Dayton, Ohio 45432
     Attorney for Defendant-Appellee-Miami Valley Resources

CHARLES GEIDNER, Atty. Reg. No. 23889, 15 West Fourth Street, Suite 250, Dayton, Ohio 45402
     Attorney for Defendant-Appellee-Ohio Department of Taxation

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Plaintiff-Appellant, Fifth Third Bank, and Defendant-Appellant, Dayton Lodge, LLC, appeal from a trial court order discharging a receiver and approving the receiver's final account. Appellants contend that the trial court exceeded its jurisdiction when it entered the order because: (1) the order was entered after the trial court had already entered a final appealable order closing the receivership; (2) the order ruled on the receiver's liability, which was not an issue raised in the pleadings or argued by the parties; and (3) the order unconstitutionally released the receiver from liability against nonparties who did not have notice or reason to believe that their claims would be foreclosed.

{¶ 2}    In addition, Appellants challenge the order on grounds that the trial court improperly held Fifth Third liable for the receivership estate deficit. Appellants also argue that the trial court's findings were against the preponderance of the evidence.

{¶ 3}    We conclude that the trial court did not exceed its jurisdiction when it entered the

order discharging the receiver and approving the final account. The prior final appealable order allegedly closing the receivership did not discharge the receiver or approve the final account. Therefore, the receivership was not officially closed, and the trial court retained jurisdiction to complete the actions necessary to close the matter. The trial court also did not exceed its jurisdiction when it ruled on the receiver's liability, because a ruling on liability was necessary to discharge the receiver. Additionally, Appellants do not have standing to assert the claims of unknown nonparties who did not receive notice of the receiver's discharge.

{¶ 4}   While the trial court had jurisdiction to enter the order approving the final account and discharging the receiver, we conclude that the trial court erred and abused its discretion in failing to articulate specific circumstances that justify holding Fifth Third liable for the receivership estate deficit. Additionally, the trial court abused its discretion in failing to hold a required hearing prior to approving the final account and discharging the Receiver.

{¶ 5}   Accordingly, the judgment of the trial court will be affirmed in part, reversed in part, and remanded.

## I. Facts and Course of Proceedings

{¶ 6}   On March 22, 2007, Fifth Third Bank initiated a foreclosure action on real property located at 2401 Needmore Road, Harrison Township, Montgomery County, Ohio (the Property). The Property is a hotel owned by Dayton Lodge, LLC. At Fifth Third's request, the trial court appointed a receiver to take possession, custody, and control of the Property and its business. By a consent order dated April 11, 2007, Appellee, William D. Hoffman (Receiver), was appointed as receiver.

{¶ 7}   The consent order set forth various terms and conditions for the receivership.

Pursuant to the consent order, expenses for the management of the Property and the Receiver's compensation were to be paid from revenue generated by the hotel business. The consent order also stated that the receivership was not to take effect unless Dayton Lodge failed to meet certain forbearance conditions. As long as the forbearance conditions were met, Dayton Lodge could manage the Property and make periodic payments to Fifth Third. In that situation, the Receiver's role was limited to monitoring the business finances and management.

{¶ 8} Between April 11, 2007, and February 8, 2008, Dayton Lodge operated the Property in compliance with the forbearance conditions. However, Dayton Lodge eventually breached the conditions and caused the receivership to take effect on February 8, 2008. Thereafter, the Receiver took exclusive possession and control over the Property.

{¶ 9} As the Receiver carried out his duties, he discovered that the Property was in poor condition, needed substantial repairs, and that there was insufficient revenue to operate the business and maintain the Property. Between February 2008, and June 2008, the Receiver filed interim reports summarizing the business revenue, disbursements, and net income. In his report filed on May 28, 2008, the receiver indicated that he had closed the business on April 29, 2008.

{¶ 10} Meanwhile, on April 2, 2008, the trial court entered a final judgment entry and decree of foreclosure in favor of Fifth Third. In lieu of holding a sheriff's sale, the court authorized Bambeck Auctioneers, Inc. to hold a public auction of the Property. The public auction was held on August 7, 2008, and the Property was sold to Salam Said Shaja (Purchaser), who bid $1,150,000. Dayton Lodge objected to the sale on grounds that the Property should not have been sold for less than $1,675,000. In response, Fifth Third filed a motion for an order confirming the sale.

{¶ 11} On July 19, 2009, the parties settled their issues concerning the sale and executed

a settlement agreement. The settlement agreement stated that Fifth Third would not execute a deficiency judgment against Dayton Lodge, as long as Dayton Lodge made certain forbearance payments to Fifth Third. In addition, the settlement agreement stated that Dayton Lodge released the Receiver from any and all claims relating "to the Receiver, [or] any act or omission to act by Receiver during the Receivership." *See* Exhibit A attached to Receiver's Final Account and Report and Motion to Discharge the Receiver (Mar. 4, 2011), Docket No. 143, p. 10, ¶ E(1).

**{¶ 12}** After the Receiver was notified of the settlement, he filed a motion to close the receivership on August 18, 2009. Dayton Lodge filed a memorandum opposing the closure on grounds that there was a criminal action pending in Vandalia Municipal Court concerning the Property. The criminal action was filed in April 2009, against Dayton Lodge's controller for failing to maintain the Property's fire suppression system in good working order. Dayton Lodge contended that the receivership should remain in effect, because the violation arose during the receivership and was due to the acts and/or omissions of the Receiver. The trial court did not rule on the Receiver's August 18, 2009 motion to close the receivership.

**{¶ 13}** On May 4, 2010, the Receiver filed a second motion to close the receivership. In that motion, the Receiver indicated that as of May 1, 2009, he had determined that it was not in the best interest of the receivership estate to continue operating the Property. He came to this conclusion because there was no cash flow to cover business operations, and excessive capital expenditures were needed to bring the Property into a condition that was safe for guests and employees. The Receiver also indicated that despite numerous requests, Fifth Third had not advanced sufficient funds to fully repair the Property. Fifth Third filed a memorandum supporting the closure of the receivership and Dayton Lodge once again opposed it on grounds of the criminal proceeding. The trial court did not rule on the Receiver's May 4, 2010 motion to

close the receivership.

{¶ 14} Nine months later, the trial court confirmed the sale of the Property to the Purchaser. Thereafter, on March 4, 2011, the Receiver filed a final account and motion to discharge receiver. The final account reported that the receivership's operating account had a balance of $7.53 and a deficit of $39,409.90. The receivership owed $31,991.93 for outstanding accounts payable, $425 for attorney fees, and $7,000 for accrued fees and expenses, which included unpaid receiver fees in the amount of $6,725.[1] The Receiver requested that the court order Fifth Third to pay the entire deficit. Neither Fifth Third nor Dayton Lodge filed objections to the final account. The trial court did not rule on the final account and motion to discharge receiver.

{¶ 15} On October 18, 2012, the Receiver filed another motion to discharge receiver. The motion requested the trial court to adopt the Receiver's final account and proposed order discharging the receiver filed on March 4, 2011. The Receiver's proposed order ratified the Receiver's acts during his administration and released the Receiver from liability as to "any person or entity, including taxing authorities." *See* Receiver's Final Account and Report and Motion to Discharge Receiver (Mar. 4, 2011), Montgomery County Common Pleas Court Case No. 2007-CV-2432, Docket No. 143, p. 4-6. The proposed order also instructed Fifth Third to pay the $39,409.90 receivership estate deficit. *Id.* at 5.

{¶ 16} On November 19, 2012, Fifth Third and Dayton Lodge filed an agreed motion moving the court to withdraw the confirmation of sale; vacate the decree of foreclosure; dismiss

---

[1] The Receiver's final account does not specifically state that the $6,725 unpaid receiver fee is included with the $7,000 accrued fees and expenses figure. However, we presume that the receiver fee is included within the $7,000, because the receiver did not request to be paid the receiver fee in addition to the $39,409.90 deficit.

the foreclosure action; and order the funds on deposit from the sale to be paid to the auctioneers and the Purchaser. In addition, the agreed motion tangentially requested the court to close the receivership. The agreed motion indicated that the Purchaser and auctioneers approved the relief being requested.

{¶ 17} The same day, the trial court entered an order granting all of the requests in the agreed motion, including closing the receivership. The order did not approve the Receiver's final account, discharge the Receiver, address the receivership estate deficit, or release the Receiver from liability. Included with the order was a court notice stating that it may be a final appealable order.

{¶ 18} On November 20, 2012, the trial court filed an order in response to the October 18, 2012 motion to discharge receiver. The order approved the Receiver's final account, ordered Fifth Third to pay the receivership estate deficit, discharged the Receiver, and released the Receiver from liability. The trial court entered the order without holding a hearing.

{¶ 19} Fifth Third and Dayton Lodge both appeal from the trial court's order of November 20, 2012.

## II. The Trial Court Did Not Exceed its Jurisdiction When It Issued the Discharge Order of November 20, 2012.

{¶ 20} Appellants' First Assignment of Error is as follows:

The Trial Court Was Without Jurisdiction to Issue the November 20, 2012 Order Purportedly Discharging the Receivership and Relieving Hoffman of Liability for the Damage He Caused the Property.

{¶ 21} Under this assignment of error, Appellants claim that the order filed on

November 19, 2012, was the trial court's ruling on the motion to discharge receiver, and that said ruling was a final appealable order closing the receivership. Appellants contend that the trial court improperly modified the final appealable order sua sponte and exceeded its jurisdiction when it subsequently entered the discharge order of November 20, 2012.

{¶ 22} Alternatively, Appellants contend that if the November 19 order is not deemed to be a ruling on the motion to discharge receiver, that the Receiver's motion should be presumed overruled, because the trial court did not otherwise rule on it. This argument has no merit, because the record clearly indicates that the trial court ruled on the motion to discharge receiver via the November 20 order.

{¶ 23} We also note that the language of the November 19 order does not indicate that it was a ruling on the motion to discharge receiver. The order specifically states that it was made in response to Appellants' agreed motion to withdraw confirmation of sale and vacate/dismiss foreclosure. Additionally, the November 19 order does not address any of the matters presented in the motion to discharge receiver. The November 19 order merely states that the receivership is closed.

{¶ 24} The court that appoints a receiver " 'retain[s] and continue[s] its jurisdiction until the estate is finally closed by the settlement of the receiver's final account and his discharge.' " (Citations omitted.) *Shawnee Lumber Co. v. Phillips*, 21 Ohio N.P. (N.S.) 1, 5, 29 Ohio Dec. 58, 1917 WL 1502 (C.P.1917), quoting *State v. Germania Bank*, 103 Minn. 129, 143, 114 N.W. 651 (1908). Therefore, in order to terminate a receivership, the court must also enter an order discharging the receiver. *Hoover-Bond Co. v. Sun-Glow Industries*, 57 Ohio App. 246, 251, 13 N.E.2d 368 (3d Dist.1936). Additionally, approval of the Receiver's final account is required by local rule. Mont. Co. C.P.R. 2.29(I)(A)(4)(d). Such approval ordinarily precedes the receiver's

discharge. *S.E.C. v. Kirkland*, M.D.Florida No. 6:06-cv-183-Orl-28KRS, 2012 WL 3871922, 1-2 (Aug. 6, 2012), quoting 65 American Jurisprudence 2d, Receivers, Section 146 (2012).

{¶ 25} A trial court order purportedly closing a receivership is not a final appealable order if it does not properly discharge the receiver or leaves unresolved matters that the receiver must address. *Regents Mgt. Co. v. Connor*, 10th Dist. Franklin No. 78AP-172, 1978 WL 217266, *2 (Dec. 21, 1978).

{¶ 26} In this case, the November 19 order did not discharge the Receiver or approve the final account. Therefore, the receivership was not officially closed, and the November 19 order was not a final appealable order with respect to the receivership. As a result, the trial court retained jurisdiction to officially close the receivership by entering the November 20 order discharging the receiver and approving the final account.

{¶ 27} For the foregoing reasons, the Appellants' First Assignment of Error is overruled.

### III. The Trial Court Did Not Exceed Its Jurisdiction When It Ruled on the Receiver's Liability.

{¶ 28} For purposes of convenience, we will address Appellants' assignments of error out of order. Appellants' Third Assignment of Error is as follows:

> The Trial Court Erred by Ruling Upon Hoffman's Liability to Others Because Such Issue Was Not Raised in Pleadings Nor Argued or Litigated Fully By the Parties.

{¶ 29} Under this assignment of error, Appellants maintain that the trial court exceeded its jurisdiction when it ruled on the Receiver's liability to others, because the Receiver's liability was not an issue raised in the pleadings or argued by the parties.

{¶ 30}  One of the effects of discharging a receiver is releasing him or her from further liability in the receivership proceeding.  *Madorsky v. Suburban Homes Co.,*  45 Ohio App. 83, 85-86, 186 N.E. 371 (8th Dist.1933), quoting 53 Corpus Juris, Section 110, at 90. As previously stated, the trial court retains its jurisdiction until the receivership estate is officially closed by the settlement of the receiver's final account and the discharge of the receiver. (Citations omitted.) *Shawnee Lumber Co.,* 21 Ohio N.P. (N.S.) at 5, 29 Ohio Dec. 58, 1917 WL 1502, quoting *Germania Bank*, 103 Minn. at 143, 114 N.W. 651.

{¶ 31}  In order to close the receivership in this case, the trial court had to discharge the Receiver, which necessitates releasing him from liability.  Because a trial court retains jurisdiction until a receiver is discharged, it logically follows that the trial court had jurisdiction to rule on the Receiver's liability.  Therefore, it is immaterial that the issue of liability was not raised in the pleadings.

{¶ 32}  Appellants' Third Assignment of Error is overruled.


### IV. The Trial Court Did Not Exceed Its Jurisdiction When
### It Released the Receiver From Liability.

{¶ 33}  Appellants' Fourth Assignment of Error is as follows:

The Trial Court Erred When it Released Hoffman From Liability.

{¶ 34}  Under this assignment of error, Appellants claim that the trial court's November 20, 2012 order erroneously released the receiver from liability as to the claims of "any person or entity."   According to Appellants, this unconstitutionally forecloses the claims of nonparties who had no notice or reason to believe that their claims would be foreclosed.   Therefore, Appellants argue that the trial court exceeded its jurisdiction upon determining the rights of nonparties

without due notice.

{¶ 35}   "Generally, an appellant does not have standing to argue issues affecting another person." *Benjamin v. Ernst & Young, L.L.P.*, 167 Ohio App.3d 350,  2006-Ohio-2739, 855 N.E.2d 128, ¶ 4 (10th Dist.).   Furthermore, "[a]n appealing party is not permitted to vicariously assert that a nonparty's constitutional due process rights were violated."   (Citation omitted.) *Mulqueeny v. Mentor Chiropractic Ctr., Inc*., 11th Dist. Lake No. 2001-L-034,  2002 WL 549969, *2 (Apr. 12, 2002).   "However, an appellant may 'complain of an error committed against a nonappealing party when the error is prejudicial to the rights of the appellant.' " *Benjamin* at ¶ 4, quoting *In re Smith*, 77 Ohio App.3d 1, 13, 601 N.E.2d 45 (6th Dist.1991).

{¶ 36}   Here, the Appellants are attempting to assert a nonparty's constitutional right to notice of the Receiver's discharge.   This is inappropriate because lack of notice to nonparties does not prejudice the Appellants.   If a nonparty with a viable claim against the Receiver happened to exist, the claim would be between the nonparty claimant and the Receiver, not the Appellants.

{¶ 37}   Furthermore, the prevailing view in various states is that an order discharging a receiver from liability is not effective against subsequent claims of nonparties who were not given notice of the discharge proceeding.   *E.g., Miller v. Everest,*  212 N.W.2d 522,  525 (Iowa 1973) (holding that the discharge of the receiver and termination of the receivership were void as to the nonparty claimant for want of notice); *Copeland v. Salomon*, 56 N.Y.2d 222, 233-234, 451 N.Y.S. 2d 682, 436 N.E.2d 1284 (1982)*; Vitug v. Griffin*, 214 Cal.App.3d 488, 495-497, 262 Cal.Rptr. 588 (1989); *Norman v. Trison Dev. Corp.,* 1992 Okla. 67*,* 832 P.2d 6, 10-11, (1992) (the discharge order releasing the receiver from liability would be invalid as to the nonparty claimant if the circumstances surrounding his claim demonstrate that the lack of notice had an

adverse effect on his interest).

{¶ 38} Under this principle, Appellants' concern about nonparty claims being unconstitutionally foreclosed as a result of not receiving notice of the Receiver's discharge is unfounded.

{¶ 39} For the foregoing reasons, the Appellants' Fourth Assignment of Error is overruled.

## V. The Trial Court Erred in Ordering Fifth Third to Pay the Receivership Estate Deficit.

{¶ 40} Appellants' Second Assignment of Error is as follows:

The Trial Court Erred When it Ordered Fifth Third to Pay the Receivership Estate's Deficit Because Such Order is Contrary to the Consent Order's Terms and Ohio Law.

{¶ 41} Under this assignment of error, Appellants claim that Fifth Third cannot be held personally liable for the $39,409.90 receivership estate deficit. Appellants argue that Ohio law and the consent order require the expenses and fees of the receivership to be paid from the receivership estate's revenue.

{¶ 42} In *Atlantic Trust Co. v. Chapman,* 208 U.S. 360, 28 S.Ct. 406, 52 L.Ed. 528 (1908), the United States Supreme Court outlined the general principle that expenses and fees of a receivership estate are to be paid from the property or fund that is subject to the receivership. *Id*. at 376. When the receivership estate has insufficient funds, a receiver is not allowed to automatically hold the party who requested the receiver's appointment personally liable for the expenses and fees. *Id*. at 370-371, 375-376. However, "cases *may* arise in which, because of

their special circumstances, it is equitable to require the parties, at whose instance a receiver of property was appointed, to meet the expenses of the receivership, when the fund in court is ascertained to be insufficient for that purpose." (Emphasis sic.) *Id.* at 375.

{¶ 43} Some examples of special circumstances that render a party liable for a receivership estate deficit include: (1) when there has been an irregular or unauthorized appointment of a receiver; (2) when the plaintiff has given a bond or other contract to pay the expenses and fees of the receivership as a condition of the receiver's appointment; (3) where a party has received benefits from the receivership in excess of the amount required to be paid; and (4) where an action has unjustly been maintained without right. *Id.* at 373-375, citing *Ephraim v. Pacific Bank*, 129 Cal. 589, 592, 62 P. 177 (1900); *Farmers' Nat. Bank of Owatonna v. Backus*, 74 Minn. 264, 77 N.W.142 (1898); *Cutter v. Pollock*, 7 N.D. 631, 634, 76 N.W. 235 (1898).

{¶ 44} The Supreme Court of Ohio applied *Atlantic Trust Co.* to *Richey v. Brett*, 112 Ohio St. 582, 148 N.E. 92 (1925), a case where the trial court appointed a receiver to an insolvent theater company in foreclosure. The receivership estate in *Richey* had many debts that the sale of company property failed to satisfy. *Id. at 586-587.* As a result, the receiver requested the court to tax the receivership deficit as costs against the plaintiffs in the foreclosure action. *Id.* In determining whether taxing the costs to the plaintiffs was appropriate, the supreme court stated that:

It is not doubted that under special circumstances parties who invoke the processes of the court to have a receiver appointed, and to conduct the business of an insolvent concern, may become personally liable for expenses of the receiver, even including losses resulting from unsuccessful operation. In nearly all cases

in which this principle has been declared, facts and circumstances were shown to the effect that the assets of the insolvent concern were exhausted, and that the connection of the plaintiffs in the action was such as to make it inequitable not to hold them responsible for a deficiency. *Id.* at 586-587.

{¶ 45} The supreme court determined that there were no special circumstances or equitable considerations that justified holding the plaintiffs responsible for the receivership estate deficit. *Id.* at 588. The court intimated that the receiver's negligence and failure to follow the correct procedures contributed to the deficit controversy. *Id.* at 587. As a result, the court found it inequitable to hold the plaintiffs liable for the deficiency. *Id.* at 588, 590.

{¶ 46} The same principles were applied in *Dyczkiewycz v. Tremont Ridge Phase I Ltd. Partnership,* 2012-Ohio-5173, 981 N.E.2d 941 (8th Dist.). In *Dyczkiewycz,* the plaintiffs were attempting to collect a judgment against an insolvent contracting company. *Id.* at ¶ 2-4. Plaintiffs requested that a receiver be appointed to find and manage the contracting company's assets. *Id.* at ¶ 5. A receiver was appointed, and he reported that the company had no assets. *Id.* at ¶ 6-8. The receiver then sought leave to resign and requested the trial court to order the plaintiffs to pay his fees and expenses. *Id.* at ¶ 11. The trial court made the order as requested by the receiver, and the plaintiffs appealed. *Id.* at ¶ 18-19.

{¶ 47} On appeal, the Eighth District Court of Appeals held that "the trial court did not articulate or find that any 'special circumstances' existed that would justify holding the [plaintiffs] solely responsible for the receiver's fees." *Id.* at ¶ 42. The court ultimately held that the trial court abused its discretion in ordering the plaintiffs to pay all of the receiver's fees, and remanded the case for the trial court to order the fees to be split equally between the parties. *Id.* at ¶ 44.

{¶ 48} As in *Dyczkiewycz*, the trial court in this case did not articulate what special circumstances, if any, it relied on, to justify holding Fifth Third liable for the $39,409.90 receivership estate deficit. Based on the record, one could conclude that special circumstances existed since Fifth Third effectively released the only assets from which the receivership estate deficit could be paid when it voluntarily gave up its judgment against the Property; dismissed its foreclosure claim; and allowed return of the earnest money, minus auction fees, all without the approval or acquiescence of the Receiver. However, the trial court did not state any findings in its final entry. The court simply ordered Fifth Third to pay the receivership estate deficit without any reasoning. Accordingly, the trial court erred when it ordered Fifth Third to pay the receivership estate deficit without making the required findings.

{¶ 49} The Appellants' Second Assignment of Error is sustained.

## VI.   The Trial Court Erred in Entering the
## Discharge Order.

{¶ 50} Appellants' Fifth Assignment of Error is as follows:

The Trial Court Erred When It Entered the Discharge Order Because Its

Findings and Conclusions are Contrary to the Preponderance of the Evidence.

{¶ 51} Under this assignment of error, Appellants claim that the November 20, 2012 order approving the final account and discharging the receiver should be reversed, because the findings in the order are contrary to the preponderance of the evidence. Specifically, Appellants claim that there is no evidence supporting the trial court's decision to hold Fifth Third liable for the receivership deficit. Appellants also argue that there is no evidence supporting the trial court's decision to release the Receiver from liability.

{¶ 52} The decision whether to terminate a receivership and discharge a receiver is within the sound discretion of the trial court, and the court's decision will not be reversed absent an abuse of discretion. *Milo v. Curtis*, 100 Ohio App.3d 1, 7, 651 N.E.2d 1340 (9th Dist.1994). Therefore, in order to reverse the trial court's November 20 discharge order, we must determine whether the court's findings were an abuse of discretion, not whether they are contrary to the preponderance of the evidence. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 53} We have already determined that the trial court was required to articulate specific circumstances that justify holding Fifth Third liable for the receivership estate deficit, and that the court failed to do so. Accordingly, the trial court abused its discretion when it held Fifth Third liable without making the required findings.

{¶ 54} Regardless of the trial court's findings, it was also an abuse of discretion for the court to approve the Receiver's final account and discharge the Receiver without holding a hearing. The local rules governing receiverships state that "[u]nless otherwise provided, the procedure prescribed by the Ohio Revised Code for settling accounts in decedents' estates shall govern." Mont. Co. C.P.R. 2.29(I)(A)(10). Since there is no provision in the local rules governing the procedure for approving a receiver's final account, the trial court was required to follow the procedures set forth in R.C. 2109.32(A), which applies to the accounts of executors and administrators of decedents' estates.

{¶ 55} R.C. 2109.32 states that:

Every fiduciary's account * * * shall be set for hearing * * *. * * *

At the hearing * * * the court shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed the fiduciary's trust, including the investment of trust funds, and may order the account approved and settled or make any other order that the court considers proper. If, at the hearing upon an account, the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets of the estate or trust in accordance with the law or the instrument governing distribution, as shown in the account, the court shall order the account approved and settled and may order the fiduciary discharged.

{¶ 56}   In this case, the trial court did not hold a hearing on the Receiver's final account. A hearing on the final account would have assisted the court in pinpointing special circumstances, if any, that justify holding Fifth Third liable for the receivership estate deficit.   It was unreasonable and an abuse of discretion for the trial court to issue the November 20 order approving the final account and discharging the receiver without first holding a hearing as required by R.C. 2109.32.

{¶ 57}   The Appellants' Fifth Assignment of Error is Sustained.


## VII.   Conclusion

{¶ 58}   Having sustained Appellants' Second and Fifth Assignments of Error, and having overruled Appellants' other Assignments of Error, the trial court's November 20, 2012 order approving the Receiver's final account, discharging the Receiver, and ordering Fifth Third to pay the receivership deficit is affirmed in part, reversed in part, and remanded so that the trial court can: (1) hold a hearing on the Receiver's final account,   (2) address in its final order what special

circumstances, if any, justify holding Fifth Third solely liable for the receivership estate deficit, and (3) determine the amounts, if any, which Fifth Third shall be ordered to pay. Because Fifth Third did not file any objections to the final account,[2] it may have waived any objection to the amounts computed by the Receiver in the final account. This is an issue for the trial court to resolve.      . . . . . . . . . . . . .

FROELICH, J., concurs.

HALL, J., concurring:

{¶ 59} I agree with the analysis and result reached by the majority. Because of my direct involvement in the development and use of the Montgomery County E-filing system, I write separately to express my belief that the timing of the entries in this case was likely caused by the inaccurate submission of a proposed judgment entry. The entry the court approved, filed November 19, 2012, had been submitted purportedly as an "agreed entry" by parties other than the receiver. The proposed entry included the statement that "the receivership is closed." I note that the motion preceding the November 19, 2012 entry was submitted as an "AGREED MOTION, etc. * * *." It was agreed to only by the plaintiff (Fifth Third Bank) and the principal defendant (Dayton Lodge), not the receiver, and it was submitted electronically in the court's e-filing system. Accompanying the motion was the proposed entry that the court approved without modification. The electronic docket for the entry states: "ORDER: AGREED

---

[2] Pursuant to Mont. Co. C.P.R. I(A)(7)(b), objections to the final account are due within 14 days after a receiver's account is filed.

ENTRY,etc. * * *."

{¶ 60}   The "agreed" terminology for the motion itself, and for the motion's docket entry in the court's e-filing system, and the proposed entry's title was selected by the filer. That terminology signals, and allows for, prompt and deferential approval of non-contested filings. When the trial court electronically approved the "AGREED" order for filing, it was probably unaware that there was still pending an unresolved motion to approve the receiver's final account.   In my view, the "agreed" language used by the plaintiff for this motion and order was at best a misnomer and at worst a misrepresentation. But because this entry did not deal with outstanding issues of compensation or discharge of the receiver it   was not a final order in that respect. Therefore, I agree that the trial court had authority to resolve those incomplete and essential tasks by issuing an order settling the account and discharging the receiver by entry filed November 20, 2012.

. . . . . . . . . . . .

Copies mailed to:

Jared A. Wagner
Jonathan F. Hung
Matthew C. Sorg
Mark Sheriff
Thomas Talbot
Donald Jordan
Joseph Strines
Charles Geidner
Hon. Gregory F. Singer